James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Albert W. DYESS, Defendant.

Civ. A. No. 2042.

United States District Court
S. D. Alabama, S. D.

Feb. 10, 1960.

As Amended April 1, 1960.

3. Kilman v. Smith, supra.

Beverley R. Worrell, Regional Atty., and William Fauver, U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

William G. Caffey, Caffey, Gallalee & Caffey, Mobile, Ala., for defendant.

THOMAS, District Judge.

This action was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act (52 Stat. 1060, as amended, 29 U.S.C.A. § 201 et seq.), hereinafter referred to as the Act, to enjoin the defendant, Albert W. Dyess, from violating Section 15(a) (3) of the Act, and to require him to reinstate and reimburse for lost wages one Seamore Tucker, an employee allegedly discharged in violation of that section.

This cause came on to be heard at trial without jury, and the Court having heard the evidence and having considered the submitted briefs of counsel, now, after due deliberation, makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On April 9, 1958, Seamore Tucker, an employee of the defendant Albert W. Dyess, was subpoenaed to testify before this Court on behalf of the plaintiff in an injunctive action brought by the Secretary of Labor under Section 17 of the Act, and styled as James P. Mitchell, Secretary of Labor, United States Department of Labor v. Albert W. Dyess, Civil Action No. 1876.

2. During the trial of the current case (Civil Action No. 2042), there was evidence to the effect that prior to the time the aforementioned civil action (No. 1876), came on for trial, the defendant had advised the employee Tucker that if he testified in that action, he would be discharged.

3. Tucker did in fact appear before this Court and testified on behalf of the plaintiff. On that same date, April 9, 1958, his employment with the defendant was terminated.

4. Upon the trial of the immediate cause, there was contradictory testimony as to the reasons for the termination of Tucker's employment with the defendant, but the Court is of the opinion that the evidence substantially supports the allegations of the complaint, to wit: the defendant unlawfully discharged Seamore Tucker from his employ because said Tucker had appeared and testified in the prior proceeding before this Court. The evidence is clear and convincing that Tucker was discharged solely because of his appearance in the prior action.

5. Tucker's salary at the time of discharge was $50 per week.

6. Following his separation from defendant's employ, Tucker obtained temporary employment with E. E. Crum Grocery Company of Mobile, Alabama, in May of 1958, and earned a total of $100. After diligent efforts, he obtained permanent employment with Treadwell Ford Company of Mobile, Alabama, at a salary of $35 per week. Tucker's earnings from April 9, 1958, to February 12, 1959, amounted to $100. If he had continued in the employ of the defendant during this period, he would have earned $2,200 (44 weeks at $50 per week).

### Conclusions of Law

#### I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

#### II.

It is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has testified, or is about to testify, in any proceeding under or relating to the Fair Labor Standards Act. 29 U.S.C.A. § 215(a) (3).

#### III.

The evidence being clear and convincing that the defendant's action in discharging Tucker was in direct violation of Section 15(a) (3) of the Act,

plaintiff is entitled to the injunctive relief sought herein. Walling v. O'Grady, 2 Cir., 1944, 146 F.2d 422; Mitchell v. Robert DeMario Jewelry, Inc., 5 Cir., 1958, 260 F.2d 929, reversed on other grounds in United States Supreme Court opinion dated January 18, 1960, 80 S.Ct. 332.

■ The above cited cases dealt with factual situations similar to those found in the instant case. The O'Grady decision affirmed an order of reinstatement and reversed an order denying reimbursement to a discharged employee. The DeMario decision affirmed an order of reinstatement and in addition held that the District Court was without jurisdiction to order reimbursement of lost wages resulting from an unlawful discharge. Consequently, a conflict had arisen between the circuits on this particular point of the law. Recognizing this conflict, the Supreme Court of the United States granted certiorari in the DeMario case, 359 U.S. 964, 79 S.Ct. 879, 3 L.Ed.2d 833, and in an opinion dated January 18, 1960, 80 S.Ct. 332, 337, held that:

> " * * * in an action by the Secretary to restrain violations of § 15(a) (3), a District Court has jurisdiction to order an employer to reimburse employees, unlawfully discharged or otherwise discriminated against for wages lost because of that discharge or discrimination." Mitchell v. Robert DeMario Jewelry, Inc., supra.

The Supreme Court's opinion in the DeMario decision has erased any doubt as to the jurisdiction of District Courts to order reimbursements of lost wages in unlawful discharge cases arising under Section 15(a) (3) of the Act. Therefore, Tucker is entitled to payment of wages lost as a result of his unlawful discharge.

## IV.

■ Tucker held only temporary employment from April 9, 1958, the date of his discharge, until February 12, 1959, the date he obtained permanent employment. Therefore, in computing his lost wages, the Court is of the opinion that he is entitled to recover his lost earnings from the time of the discharge until he secured permanent employment, less any amount earned in the process of performing any temporary work during this period. Under this formula, Tucker is entitled to recover $2,200 (44 weeks from April 9, 1958, to February 12, 1959, at $50 per week) less the $100 earned while working temporarily for E. E. Crum Grocery Company of Mobile, for a total amount of $2,100.

## V.

■ Plaintiff has further urged that defendant should be ordered to offer reinstatement and if such offer is accepted, reinstate Tucker to his former position with the defendant's company. There is no question but what this remedy is afforded by the Act and is supported by the decisions of Walling v. O'Grady, supra, and Mitchell v. DeMario, supra; however, the Court is of the opinion that such an order would be unwise in this case. The defendant should pay Tucker, as future damages in lieu of reinstatement, the sum of $250.

### Judgment

It is therefore ordered, adjudged, and decreed that the defendant, Albert W. Dyess, his officers, agents, servants, employees, and all persons acting, or claiming to act in his behalf or interest, are hereby permanently enjoined from hereafter violating the provisions of Section 15(a) (3) of the Fair Labor Standards Act.

It is further ordered, adjudged, and decreed that the defendant Albert W. Dyess, pay to the Clerk of the United States District Court for the Southern District of Alabama for the benefit of Seamore Tucker, the sum of $2,350, plus interest at 6% from February 12, 1959, as lost wages and as future damages for said Seamore Tucker's unlawful discharge; except however, the said Dyess shall deduct from said payment the sum of $63, representing 3% of $2100 due as Federal Insurance Contributions Act taxes, as provided by law. In default of the payment of the judgment, execution may issue.

It is further ordered that the defendant pay the costs in this proceeding.