W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,

v.

HOME NEWS PUBLISHING COMPANY, Inc., and Jay Morton, Appellees.

No. 21358.

United States Court of Appeals Fifth Circuit.

Feb. 2, 1965.

Rehearing Denied March 5, 1965.

Jones, Circuit Judge, dissented.

Isabellel R. Cappello, Atty., Bessie Margolin, Associate Sol., Charles Donahue, Sol., Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., Dept. of Labor, for appellant.

Irving M. Wolff, Miami, Fla., for appellees.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

Appellant, the Secretary of Labor, sued to enjoin the appellees under § 17 of the Fair Labor Standards Act from violating § 15(a) (3) of the Act. 29 U.S.C.A. §§ 217, 215(a) (3). This latter section, in pertinent part, makes it unlawful for any person:

"* * * to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [this Act], or has testified or is about to testify in any such proceeding, * * *."

The complaint alleged that an employee of Home News Publishing Company, of which appellee Morton was president, had testified in response to a subpoena as a witness on behalf of the United States in a prosecution charging appellees with criminal violations of the Act,[1] and that because of such testimony the employee was discharged on the day following his appearance as a witness. The prayer was for reinstatement of the employee to his former position, and for reimbursement for wages lost as a result of the discharge.

The defendants moved to dismiss on the ground that the complaint failed to state a cause of action on which relief might be granted. They contended that § 15(a) (3) does not vest the court with jurisdiction in a situation where the discharged employee has been discharged for testifying in a criminal proceeding brought under the provisions of the Act against the employer. This defense was premised on the theory that an employee can neither institute nor cause a criminal matter to be instituted and hence § 15(a) (3) was inapplicable. This result is said to follow from the language of the section having to do with testifying which is modified by the words "in any such proceeding." Thus, it is said, the relief afforded under the section to a discharged

[1] See Home News Publishing Company, Inc. v. United States, 5 Cir., 1964, 329 F.2d 191, affirming the judgment of conviction.

employee is limited to those cases where the employee has filed a complaint, or instituted or caused to be instituted a proceeding under the Act, and to an employee who has testified in such a proceeding. The District Court, agreeing with defendants, dismissed the complaint, and this appeal followed.

The Secretary urges that the construction placed on the statute by the District Court was overly literal to the end that the fair intendment of Congress was avoided. We agree and reverse.

The protection of the section specifically runs to an employee who has filed a complaint under the Act, or who has instituted or caused a proceeding to be instituted under the Act. It runs additionally to an employee who has testified or is about to testify "in any such proceeding", i. e., at the least to a proceeding of the type that could have been instituted or caused by him to have been instituted. The question is whether this is the breadth of the protection, or whether it runs to an employee testifying in any proceeding under or relating to the Fair Labor Standards Act.

In Mitchell v. Robert De Mario Jewelry, Inc., 1960, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323, a case involving the power of the court under § 17 to order reimbursement of lost wages where § 15(a) was violated, the court made the following statement with respect to the purposes of the Fair Labor Standards Act generally and § 15(a) (3) specifically:

"The central aim of the Act was to achieve, in those industries within its scope, certain minimum labor standards. See § 2 of the Act, 52 Stat. 1060, 29 U.S.C. § 202. The provisions of the statute affect weekly wage dealings between vast numbers of business establishments and employees. For weighty practical and other reasons, Congress did not seek to secure compliance with prescribed standards through continuing detailed federal supervision or inspection of payrolls. Rather it chose to rely on information and complaints received from employees seeking to vindicate rights claimed to have been denied. Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances. This ends the prohibition of § 15(a) (3) against discharges and other discriminatory practices was designed to serve. For it needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions. Cf. Holden v. Hardy, 169 U.S. 366, 397 [18 S.Ct. 383, 390, 42 L.Ed. 780, 789, 792]. By the proscription of retaliatory acts set forth in § 15(a) (3), and its enforcement in equity by the Secretary pursuant to § 17, Congress sought to foster a climate in which compliance with the substantive provisions of the Act would be enhanced."

The fact giving rise to the violations in Mitchell v. Robert De Mario was the discharge of employees who sought back wages through a suit by the Secretary. In Goldberg v. Bama Manufacturing Corporation, 5 Cir., 1962, 302 F.2d 152, 93 A.L.R.2d 603, a case involving a discharge for having filed a complaint, we gave effect to the policy of the law as thus expressed in Mitchell v. Robert De Mario, supra.

The case of Mitchell v. Dyess, S.D.Ala., 1960, 180 F.Supp. 852, involved the application of § 15(a) (3) to protect an employee who testified on behalf of the Secretary in a suit for injunction brought by the Secretary. The facts there show that it was not a proceeding instituted or caused to be instituted by the employee. The court stated that the employee was discharged solely because of his appearance as a witness on behalf of the Secretary. The Secretary prevailed in his effort on behalf of the discharged employee. However, there is apparently no existing authority on the precise question presented here, i. e., where the employee has testified in a criminal proceeding brought under the Act, rather than in a proceeding for an injunction.

In making our determination, we begin with the conclusion that the section under consideration, from the standpoint of the question presented, is ambiguous. The pertinent language of the section is " * * * to discharge * * * any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [this Act], or has testified * * in any such proceeding, * * *." Discrimination against an employee who "has testified or is about to testify in any such proceeding" is prohibited. The ambiguity arises from the words "any such proceeding". The Secretary contends that "any such proceeding" refers simply to "any proceeding under or related to [this Act]". A criminal proceeding instituted by the Secretary is one "under or related to [this Act]"; consequently, the discharge of an employee for testifying in a criminal proceeding is prohibited by § 15(a) (3). The employer, on the other hand, argues that "any such proceeding" refers to any proceeding under the Act which an "employee has * * * instituted or caused to be instituted." A criminal proceeding is not one which an employee may institute or cause to be instituted; therefore, discrimination against an employee for testifying in a criminal proceeding is beyond the pale of the statute. It is apparent that the words of the section will support either construction.

Construing the language in question on its terms and in the light of the purposes of the Act, we hold that "any such proceeding" as used in the section is modified only by the preceding language "any proceeding under or related to * * * [the Act]." This means then that an employee who testifies in any proceeding under or related to the Act receives the protection of the section, and this includes a criminal proceeding.

We thus resolve the ambiguity in favor of the Secretary, and avoid a result wherein an employee who testifies for the Secretary in a civil action for an injunction, Mitchell v. Dyess, supra, or in an action brought on behalf of an employee,

Mitchell v. Robert De Mario Jewelry, supra, is protected, but one who testifies on behalf of the Secretary in a criminal proceeding brought under the Act is not. This, in our view, carries out the intention of Congress in enacting § 15(a) (3). See Shapiro v. United States, 1947, 335 U.S. 1, 31, 68 S.Ct. 1375, 1391, 92 L.Ed. 1787, 1806, for a statement of the rule that in statutory construction we should, where the statute is susceptible of either of two opposing interpretations, read the statute so as to effectuate rather than frustrate the purpose of the Congress. This we have done. The protection of § 15(a) (3) runs to the employee here who testified in the criminal proceeding brought under the Act.

Reversed and remanded for further proceedings not inconsistent herewith.

JONES, Circuit Judge (dissenting):

It seems to me that the language of the statute is plain, that there is no ambiguity, and that the result reached by the majority rewrites the Act of Congress. I dissent.

Rehearing denied; Jones Circuit Judge, dissents.