# SUPREME COURT — SPECIAL TERM — KINGS COUNTY.

## February, 1917.

## THE PEOPLE v. BENJAMIN McINTYRE and JOSEPH McINTYRE.

### (99 App. Div. 17.)

LAW—WHEN PARDON DOES NOT WIPE OUT CONVICTION FOR CRIME AS AFFECT-
ING A SECOND OFFENDER—INDICTMENT—EVIDENCE—WITNESS—
TRIAL—CODE CRIM. PRO., §§ 482A, 485A, 514A, 941, 943, 944A.

A pardon does not wipe out a conviction for crime to the extent of preventing it from being used as the basis of an indictment and proof upon a charge of being a second offender.

Sections 482a, 514a and 944a of the Code of Criminal Procedure relating to proof of prior convictions are not exclusive, and upon the trial of an indictment for assault in the second degree charged as a second offense, defendant's prior conviction may be shown either in accordance with the rules of the common law or by any other competent proof.

Where defendant as a witness in his own behalf admits his prior conviction, an error in receiving an extract of the minutes of the prior trial which did not comply with the provisions either of the Code of Civil Procedure or the Code of Criminal Procedure, nor proved by any competent evidence, is harmless.

Whether the defendant was a second offender was a question for the jury, and a charge that if they found that the assault for which defendant had previously been convicted came within the definition of assault in the second degree they should find him guilty as a second offender, though erroneous, was harmless, defendant having been convicted on the last trial only of assault in the third degree.

Under sections 485a, 941 and 943 of the Code of Criminal Procedure, requiring certain information to be transmitted to the Secretary of State concerning the pedigree and previous record of one convicted of crime and authorizing his examination in order to obtain it, information as to former arrests of convicted persons not resulting in conviction is not required to be furnished, and it is clearly improper to admit in evidence on a subsequent trial the answers made upon an examination under said sections showing prior arrests.

APPLICATION for a certificate of reasonable doubt.

*Denis O'Leary, District Attorney (James F. Barry* of counsel), for plaintiff.

*Dana Wallace,* for defendants.

CROPSEY, J.:

The defendants were indicted in the County Court of Queens county for the crime of assault in the second degree, and as to Benjamin McIntyre the crime was charged as a second offense. Both defendants were convicted of assault in the third degree, and having been sentenced they now apply for certificates of reasonable doubt.

Two errors are principally urged. One, that proof of defendant Benjamin McIntyre's previous conviction should not have been admitted because he had been pardoned for that offense. The record shows that the previous offense was assault, that he had been found guilty and fined an amount which he had paid, and that several years later he had been pardoned by the governor and his rights of citizenship restored. A pardon removes the legal infamy of the crime, but it does not take away guilt or wash out the moral stain; and, as Hale says, "it makes not the man always an honest man." (2 Hale P. C. 278.)    A pardon takes away the penalty directly attaching to the offense but it does not destroy the fact that the crime was committed, nor that the person had been convicted of it. (Baums v. Clause, 5 Hill, 196.)    "It is manifest that the appellant's pardon and restoration to the rights of citizenship had no retroactive effect upon the judgment of conviction which remains unreversed and has not been set aside.    We think the effect of a pardon is to relieve the offender of all unenforced penalties annexed to the conviction, but what the party convicted has already endured or paid, the pardon does not restore."    (Roberts v. State, 160 N. Y. 217, 221.)

While there is some contrariety of opinion (34 L. R. A. 402, note; 24 L. R. A. [N. S.] 435, note), the better reasoned authorities, including those of this State, are to the effect that a pardon does not wipe out the conviction to the extent of preventing such conviction from being used as the basis for indictment and proof upon a charge of being a second offender or an habitual criminal. (People v. Price, 53 Hun, 185; affd., 119 N. Y. 650; People v. Carlesi, 154 App. Div. 481; affd., 208 N. Y. 547; affd., *sub nom*. Carlesi v. New York, 233 U. S. 51.) The pardon in the Carlesi case seems to have been the same in substance as that in the present case, and Mr. Justice MILLER, writing for the Appellate Division, said that the decision was put upon the broad ground that, notwithstanding an absolute pardon, the prior conviction could be made the basis of conviction as a second offender. Mr. Justice LAUGHLIN concurred, but upon the ground that the pardon was not unlimited. The Court of Appeals, however, affirmed the Appellate Division upon the opinion of Mr. Justice MILLER.

The language of the United States Supreme Court in *Ex parte* Garland (4 Wall. 333) is very broad. Read in connection with the decision then made, it has been repeatedly followed, but the language evidently was not intended to be a holding in conflict to the views set forth in the Carlesi case. In the Garland matter there was a general pardon and amnesty of persons participating in the War of the Revolution, and it was intended to restore to such persons who came within its operation the same rights and privileges which they had possessed before the war.

That a pardon does not have the effect claimed by defendant is inferentially shown by the provisions of section 514a of the Criminal Code, which provides that the certificate of a warden of a State prison " shall be *prima facie* evidence on the trial of any person for a second or subsequent offense, of the imprisonment and discharge of such person, either by pardon or expira

tion of his sentence." It is further shown by the provisions of section 1022 of the Penal Law, and the necessity for that provision is stated in People v. Price (53 Hun, 185, 188).

The other error claimed is that it was error to permit the prosecution to introduce in evidence an extract of the clerk's minutes showing, among other things, the prior conviction of the defendant Benjamin McIntyre. This extract was from the minutes of the same court in which the present case was being tried, and contains no certification other than the words, " a true extract from the minutes." This is signed by the clerk and the seal of the county is affixed.

It is claimed that the method of proving a prior conviction is prescribed by the Criminal Code, and that this extract of minutes does not comply with those provisions. There are three separate methods provided in the Criminal Code for the proving of prior convictions, but these provisions are not exclusive. They do not restrict the method of furnishing such proof but on the contrary extend it. They prescribe additional ways in which such proof may be offered. It may be offered by any of the methods permitted in civil cases. (Crim. Code, § 392.) That may be in accordance with the rules of the common law or by any other competent proof (Code Civ. Pro., § 962), or by a certified copy of the paper or transcript of the record. (Id., § 933.) The original clerk's minutes of course could be received in evidence when properly proved, or a certified copy of them could be admitted when properly certified. The certificate must state that the transcript or copy of the record has been compared with the original and that it is a correct transcript of the whole thereof. (Code Civ. Pro., § 957.) If the certifying officer has an official seal, that must be affixed. (Id., § 958.) But the seal is not required on the certified copy of a transcript or record of a court, where it is used in the same court. (Id., § 959.)

The provisions of the Criminal Code relating to the proof of

prior convictions are found in sections 482a, 514a and 944a. Section 482a makes admissible a copy of the minutes of any conviction with the sentence of the court thereon, duly certified and sealed by the clerk, together with a certified copy of the indictment on which the conviction was had, where *" it shall appear by the certificate of the clerk, or otherwise, that no record of the judgment on such conviction has been signed and filed."* This section appears to be of little service. At least that has been the experience in Kings county, for, with the possible exception of a case in which sentence was suspended, it has not been possible to get a certificate as required by that section, to the effect that no record of the judgment has been signed and filed.

Section 514a makes admissible the certificate of the warden of any State prison, under his seal, containing the name of the person convicted, the date and term of sentence and other particulars, for the purpose only of proving such conviction on a trial for a second offense. And section 944a makes admissible a somewhat similar statement of the secretary of state, for the same purpose.

The extract of minutes offered by the people did not comply with any of the provisions of either the Civil or Criminal Code. Nor were those minutes proved by any competent evidence. Their admission in evidence was therefore error, but the defendant Benjamin McIntyre took the stand in his own behalf and then admitted this prior conviction. This made the error in receiving the extract of minutes harmless. In his charge the judge told the jury that if they found that the assault came within the definition of assault in the second degree they should find the defendant Benjamin McIntyre guilty as a second offender because the question of his former conviction was not at issue. This was error, for whether a defendant is a second offender must always be left to the jury, even though the defendant admits it. (People v. Marendi, 213 N. Y. 600, 618.)

27

But this error, too, is harmless, for the jury did not find the defendants guilty of assault in the second degree. The verdict was one of guilty of assault in the third degree. The court had charged that if that was the verdict the question of second offense was not to be considered.

It is claimed that there was harmful matter contained in the extract of minutes outside of the fact of defendant Benjamin McIntyre's previous conviction. After reciting the indictment, conviction and sentence, the extract continues by stating that the defendant was examined on oath and said, among other things, that he had been " arrested four or five times, charge assault, never in prison." These statements were evidently made in taking the defendant's pedigree, as it is commonly called. The statute requires certain information to be transmitted to the secretary of state and the sheriff of the county of persons convicted and authorizes the examination of the defendant in order to obtain it. (Code Crim. Pro., §§ 941, 943, 485a.) But no such information as the former arrests of convicted persons, not resulting in conviction, is required to be furnished. The district attorney stated that such questions had always been asked in his county, and the minutes of the present trial show that similar questions were asked of both defendants after their conviction. While there may be no impropriety in asking the questions on the taking of their pedigree, it clearly is improper to admit in evidence on a subsequent trial the answers made to them showing prior arrests. But the minutes of this trial seem to indicate clearly that the defendants are guilty, and for that reason the error in admitting the fact of the prior arrests was not prejudicial.

There are many other claims of error made in the motion papers — in fact, every exception taken on the trial is recited. They have all been reviewed and considered and there seems to be no error in any of them. For the reasons stated, no

certificate of reasonable doubt can be granted.    The motion is
therefore denied.

Motion denied.

---

## NOTE ON PARDONS.

A pardon procured by false and fraudulent representations is void.
(People v. Potter, 1 Park. Cr. 47.)

The court cannot go behind a pardon, though fraudulently obtained.
(In re Edymoin, 8 How. Pr. 478.)

A pardon exempts the individual from the punishment which the law
inflicts for the crime which he has committed.    The crime is forgiven and
remitted, and he is relieved from all its legal consequences.    (Roberts v.
State, 160 N. Y. 217; In re Deming, 10 Johns. 232.)

A pardon which is not void in its inception cannot be revoked for any
cause after its delivery and acceptance are complete.    (In re De Puy, 7
Fed. Cas. No. 3814, 6 Ben. 307.)

The power to grant a pardon includes the power to grant a conditional
pardon, the condition to be either precedent or subsequent.    (People v.
Potter, 1 Park. Cr. 47.)

This condition may be that the person pardoned depart from or remain
within the State.    (Id.)

Or, that for a violation of any of its conditions the recipient may be
liable to summary arrest upon the Governor's warrant.    (State v. Home,
52 Fla. 125; Arthur v. Craig, 48 Iowa, 264.)

Or, on the condition that the convicted person shall pay a certain sum
of money to the State to reimburse it for expenses of trial.    (People v.
Marsh, 125 Mich. 410.)

A statute authorizing courts to suspend sentence does not violate the
constitutional right of the governor to grant reprieves and pardons.    (Peo-
ple ex rel. Forsyth v. Court, etc. [1894], 141 N. Y. 288.)

Proceedings before Governor on application. (Prison Law, 260–266 [L. 1909, ch. 47]; Consol. L., ch. 43.)

Habitual Criminal. (Penal Law, 1022.)

Effect on marital rights of life prisoner. (Dom. Rel. L. 58 [L. 1909, ch. 19]; Consol. L., ch. 14.)

A provision in a pardon that it shall not remove disabilities is void. (People v. Pease, 3 Johns. Cas. 333.)

In the case of a breach of a conditional pardon, the recipient may be remanded and the original sentence executed. (People v. Potter, 1 Park. Cr. 47.)

The expiration of the term for which a convict was sentenced does not make inoperative a provision in a conditional pardon that if he is subsequently convicted of crime he shall serve unexpired time in addition to that imposed by the new sentence. But he may be compelled to serve out his unexpired term though his subsequent conviction does not occur until after the expiration of the term of the original sentence. (In re Kelly [Cal.], 20 L. R. A. [N. S.] 337, 99 Pac. 368.)

The Governor cannot recall a pardon after the prisoner has complied with the conditions upon which it was granted. (In re Williams [N. C.], 22 L. R. A. [N. S.] 238.)

The Governor of a State has power to pardon for contempt. (State ex rel. Van Orden v. Sauvinet, 24 La. Ann. 119, 13 Am. Rep. 115; Sharp v. State, 102 Term 9, 73 Am. St. Rep. 851.)

The power to pardon after conviction was vested in the Governor by the Constitution of Arkansas. *Held*, that the exercise of the power to pardon, before conviction, by the Legislature, was not unconstitutional. (State v. Nichols, 23 Ark. 74, 7 Am. Rep. 600.)

The Constitution of Massachusetts placed in the Governor the power of pardoning offenses, but provided that no pardon before conviction should avail the party pleading the same. *Held*, that a pardon granted after a verdict of guilty and before sentence, was valid. (Com. v. Lockwood, 323 Am. Rep. 699.)

Where the executive was authorized to grant pardons "after conviction," a pardon after verdict and judgment, but pending an appeal taken

by the prisoner, is valid. (State v. Alexander, 76 N. C. 231, 22 Am. Rep. 675.)

The Governor of Virginia commuted defendant's sentence for a felony (three years in the penitentiary) to one year in jail, with the consent of the prisoner. *Held* (1) that the Governor had the constitutional authority to do such an act; (2) that the act was a conditional pardon and not a commutation, as it substituted a different punishment; (3) that the prisoner could be lawfully held to the performance of the condition. (Lee v. Murphy, 22 Gratt. 789, 12 Am. Rep. 563.)

The Governor may annex to a pardon the condition that the recipient shall refrain from the use of intoxicating liquors as a beverage during the remainder of the term of sentence; that he shall use proper exertions for the support of his mother and sister; and that he shall not during the same time be convicted of any criminal offense in the State; and may provide that for a violation of either condition the recipient shall be liable to summary arrest upon the Governor's warrant; and upon the breach of the first condition, may revoke the pardon and recommit the recipient. (Arthur v. Craig, 48 Iowa, 264, 30 Am. Rep. 395. See 27 Alb. L. J. 241; also People v. Burns [1894], 77 Hun, 92, 8 N. Y. Supp. 300; affd., 143 N. Y. 665.)

A pardon by the President of the United States of one convicted of embezzlement, in a Federal court, restores the offender to his right as a voter in the State. (Jones v. Board of Registrars, 56 Miss. 766, 31 Am. Rep. 385. See, also, 2 Am. St. Rep. 862, note.)

A pardon may be granted after the offense is fully expired. (State v. Foley, 15 Nev. 64, 37 Am. Rep. 458, citing People v. Bowen, 43 Cal. 439, 13 Am. Rep. 148; U. S. v. Jones, 2 Wheel. Crim. Cas. 451.)

In People v. Marsh (125 Mich. 410, 51 L. R. A. 461) it was held that under the provision of the Michigan Constitution authorizing the Governor to grant pardons on such conditions as he shall think proper, a pardon conditioned on the payment of certain sums of money to a county is valid.

A pardon proceeds not upon the theory of innocence, but implies guilt. It is granted not as a matter of right, but of grace. (Roberts v. State, 160 N. Y. 217, 54 N. E. 678).

Restoration to citizenship. An executive act, restoring a convicted criminal to the rights of citizenship, is not a pardon. (People v. Bowen, 43 Cal. 439, 13 Am. Rep. 148).

An indefinite suspension of the sentence of a prisoner, on conditions, amounts to a conditional pardon. (State v. Hunter, 124 Iowa, 569, 100 N. W. 510, 104 Am. St. Rep. 361).

The constitutional power of the President to pardon includes the power to grant amnesty. (Davies v. McKeeby, 5 Nev. 369, 373.)

The power of pardon conferred by the Constitution upon the President is unlimited, except in cases of impeachment. (Ex p. Garland, 4 Wall [U. S.] 333, 18 L. ed. 366.)

The power given to the Governor to grant pardons does not authorize him to vacate an order disbarring an attorney at law for failure to pay money over to his client (Matter of Browne, 2 Col. 553); nor to pardon one found guilty of bastardy (Ex p. Campion [Neb., 1907], 112 N. W. 585, 11 L. R. A. N. S. 865). Nor can he order a sheriff to release a prisoner committed to his custody by a judgment of court. (Ex p. Campion, *supra*.)

The President is not authorized to pardon for disobedience of a mandamus ordering certain county officers to levy taxes to pay a judgment recovered against the county. (In re Nevitt, 117 Fed. 448, 54 C. C. A. 622.)

There can be no offense against the United States, except cases of impeachment over which the President has not an absolute pardoning power. (U. S. v. Thomasson, 28 Fed. Cas. No. 16,479, 4 Biss. 336.)

The President, under a grant to him of power to issue reprieves and pardons for offenses against the United States, has no power to relieve from imprisonment judges of a County Court who have been committed for disobedience of a mandamus requiring them to levy a tax to pay a judgment against the county. (In re Nevitt, 117 Fed. 448, 54 C. C. A. 622.)

In Louisiana the pardoning power is viewed and interpreted as in England. (State v. Lewis, 111 La. 693, 35 So. 816.)