**Petition for Naturalization of Armando DE ANGELIS.**

No. 2271-547720.

United States District Court
E. D. New York.
April 11, 1956.

Haskell R. Barst, New York City, for petitioner.

Maxwell M. Stern, U. S. Naturalization Examiner, Brooklyn, N. Y.

BRUCHHAUSEN, District Judge.

The questions for determination, arising out of the petition for naturalization herein, are as follows:

1. Whether the petitioner is a person of good moral character as defined by the statute, 8 U.S.C.A. § 1101.

2. Whether the petitioner was lawfully admitted to the United States for permanent residence, as required by 8 U.S.C.A. §§ 1427(a) and 1429.

The essential facts are not in dispute. It appears that the petitioner, Armando De Angelis, is fifty-two years of age; that he is a native and national of Italy; that he entered this country on October 27, 1923; that he filed a petition for naturalization on December 23, 1955; that twenty years prior thereto, i. e. on December 14, 1934, he was convicted of the crime of murder in the second degree in the Court of Oyer and Terminer in the County of Hudson, State of New Jersey; that on December 17, 1934, he was sentenced to State Prison by that Court for a maximum term of thirty years and a minimum term of twenty-nine years; that in December 1944 he was released on parole and that on February 17, 1954, he was granted a full and unconditional pardon by the Governor of the said State.

The petitioner's contention that an executive pardon is tantamount to a setting aside of the verdict or of a finding of not guilty is not supported by the authorities. On the contrary, they hold that a pardon is an act of grace, exempting the individual on whom it is bestowed from the punishment the law has inflicted for a crime he has committed. United States v. Wilson, 7 Pet. 150, 8 L.Ed. 640; Groseclose v. Plummer, 9 Cir., 106 F.2d 311; United States ex rel. Forino v. Garfinkel, 3 Cir., 166 F.2d 887; Roberts v. State, 160 N.Y. 217, 220, 54 N.E. 678; People ex rel. Prisament v. Brophy, 287 N.Y. 132, 38 N.E.2d 468, 139 A.L.R. 667; People v. McIntyre, 99 Misc. 17, 163 N.Y.S. 528. The Congress apparently was conscious of the effect of a pardon for it specifically provided that a pardon shall remove the criminal grounds for deportation. 8 U.S.C.A. § 1251(b).

The principal question involved herein is whether the petitioner is a person of good moral character, as prescribed by the statute, 8 U.S.C.A. § 1101. This section is the first one, under Chapter 12 of the Act, containing the provisions relating to Immigration and Nationality. The said section is devoted to definitions of the various terms and expressions, referred to in the various sections, comprising Chapter 12. Subdivision (f) of the said section sets forth that individuals convicted of the crimes mentioned therein, as a matter of law, for the purposes of nationality, shall not be regarded as persons of good moral character. The text of the statute, in so far as it is applicable, is as follows:

"(f) For the purposes of this chapter—

"No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—

"(1) a habitual drunkard;

"(2) one who during such period has committed adultery;

"(3) a member of one or more of the classes of persons, whether excludable or not, described in paragraphs (11), (12), and (31) of section 1182(a) of this title; or paragraphs (9), (10), and (23) of section 1182(a) of this title, if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;

"(4) one whose income is derived principally from illegal gambling activities;

"(5) one who has been convicted of two or more gambling offenses committed during such period;

"(6) one who has given false testimony for the purpose of obtaining any benefits under this chapter;

"(7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period;

"(8) one who at any time has been convicted of the crime of murder. * * *"

The petitioner contends that the statute should be so construed that ineligibility to citizenship of one convicted of the crime of murder shall obtain only in a case where the crime was committed during the three-year period preceding the time of the filing of the petition. He urges that the first paragraph of the statute, as above quoted, includes the phrase "during the period for which good moral character is required to be established" and, further, that if it be held that one so convicted "at any time", as provided in subdivision (8) is ineligible for naturalization, there would be no meaning or purpose of the phrase contained in the said first paragraph of the statute.

It is clear that the phrase, in the first paragraph of the statute, "during

the period for which good moral character is required to be established" has meaning when coupled with the provisions in the numbered subdivisions (2), (3), (5) and (7) which include therein the words "during such period". Furthermore, it is most significant that those words are omitted from subdivision (8) and the words "at any time" are substituted in place thereof. It is evident that the framers of the statute thereby intended to differentiate those convicted of murder, as stated in subdivision (8) from those committing the lesser offenses, mentioned in the other subdivisions. The petitioner's position is without merit.

The remaining question for consideration pertains to whether the petitioner was lawfully admitted to the United States, one of the requirements for naturalization. 8 U.S.C.A. §§ 1427(a) and 1429. It is therein expressly provided that the burden of proof of such admission and of showing the time, place and manner of such entry is upon the applicant. After a thorough search, the Immigration and Naturalization Service was unable to locate any record of the petitioner's lawful entry for permanent residence in this country. (Government's Ex. 1.) Not only did he fail to produce any record of such entry, but his testimony on this point was vague and unconvincing. He did not establish such alleged lawful entry.

The petitioner asserts that he has been in this country for the past 32 years; that he has been married to a citizen thereof for upwards of 20 years; that during the period of approximately 12 years in which he has been at liberty he has conducted himself properly and that he has been charged with no offenses other than that mentioned herein.

The Government does not challenge the petitioner's contention of his rehabilitation. It is not an issue in the case. The Court is not invested with discretion.

The petition is denied.