UNITED STATES of America, Plaintiff-Appellee,

v.

Hooper Enloe DENTON, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Omer Clarence PHILLIPS, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Billy WEBB, Defendant-Appellant.

Nos. 14854–14856.

United States Court of Appeals Sixth Circuit.

Aug. 29, 1962.

Certiorari Denied Dec. 3, 1962. See 83 S.Ct. 292.

---

William E. Badgett, Knoxville, Tenn., W. E. Badgett, Knoxville, Tenn., Dale M. Quillen, Nashville, Tenn., J. M. Meek, Knoxville, Tenn., on the brief, for appellant.

David E. Smith, Knoxville, Tenn., John H. Reddy, U. S. Atty., Chattanooga, Tenn., Cecil D. Meek, Jr., Ottis B. Meredith, Asst. U. S. Attys., Knoxville, Tenn., on the brief, for appellees.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge.

The appellants and others were charged in the District Court with conspiracy to violate certain revenue laws of the United States relating to illicit liquor. Title 18 U.S.C. § 371. They were also charged with substantive violations of several of these statutes.

Appellant Denton was convicted by the jury of conspiracy and of the substantive offenses with which he was charged in five additional counts. Title 26 U.S.C. §§ 5205(a) (2), 5604(a), 7206(4), and 5691(a). He was given concurrent sentences by the trial judge totalling five (5) years.

The jury acquitted appellants Phillips and Webb on the conspiracy count of the indictment, but found them guilty under two substantive counts for their handling of the liquor herein and their participation in violations of Title 26, U.S.C. §§ 5205(a) (2), and 7206(4). Phillips was given two concurrent sentences of one year by the District Judge to commence at the expiration of a sentence he was then serving. Webb's sentence was suspended and he was placed on probation for a period of five (5) years.

The series of transactions leading to the arrest and conviction of the appellants took place in Cocke County, Tennessee, and revolved around an under-cover agent for the Alcohol Tax Unit and a government informer.  The informer purchased from appellant Denton two large quantities of non-taxpaid liquor on separate occasions.  The informer on the occasions of the purchases aforesaid went to the Denton home, represented himself to be engaged in the illicit liquor traffic in the State of North Carolina, and introduced the accompanying A. T. U. agent as his driver.  On one of these occasions the appellants Phillips and Webb, among other things, transported the contraband liquor in question for short distances.  The liquor aforesaid so purchased and handled was introduced in evidence in the trial court.

■ Appellants assign a number of errors on this appeal.  It is urged among other things that the evidence aforesaid was obtained as results of illegal exploratory searches and seizures and should have been suppressed by the trial judge as to all defendants.  The trial judge found no merit in this contention and with this conclusion we agree, since upon the evidence adduced, there was no such search or search of any kind of the Denton premises involved.  United States v. Bush, 283 F.2d 51 (C.A.6) 1960.

■ The appellants further contend on this appeal that they were entitled to a verdict of acquittal by the trial judge on the grounds of entrapment and that the trial judge erred in not directing such verdict as a matter of law.  The basis for this position is that the government agent working with the informer arranged for the purchases of liquor herein.  The trial judge ruled the question of entrapment was for the jury and he adequately instructed the jury in this connection.  The submission of this issue to the jury was proper and there was ample evidence from which the jury could reasonably find the appellants were not victims of entrapment.

Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Morales v. United States, 260 F.2d 939, C.A.6 (1958); Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958); United States v. Hackett, 303 F.2d 33, C.A.6 (1962).

■ The appellants next claim the convictions herein are void on the ground that the court did not have jurisdiction of this cause.  This claim grows out of the appearance in the trial of William P. Crewe, Assistant Regional Counsel of the Internal Revenue Service.  Mr. Crewe, who at the beginning of the trial was introduced to the trial court, questioned witnesses, and made the opening argument to the jury.  No objection to his appearance in the trial was made at any time.  Appellants cite Title 5, U.S.C.A. §§ 310 and 315, and Title 28, U.S.C. §§ 503, 504 and 507 as authority for the claimed lack of jurisdiction.  In essence, the Code sections require certain legal personnel retained by the Department of Justice in special cases to be appointed by the Attorney General and take oath before assuming their duties.  The title 28 enactments are based upon the Title 5 provisions and the legislative history behind such provisions is extensively covered in United States v. Crosthwaite, 168 U.S. 375, 18 S.Ct. 107, 42 L.Ed. 507.  This history shows that such requirements were a result of duplication of expenditure by the government in prosecution of causes and defense of claims.  When this was brought to the attention of the Congress, the Attorney General was required by statute to certify the necessity for special legal personnel and the performance of services by such personnel.  Mr. Crewe was not on "specially retained" basis as contemplated by these enactments.  Title 5 U.S.C.A. § 315.

If the United States appear in a cause only through a special assistant, who has no authority, then the United States as a party may not be properly in court.

The record here, however, shows the case against these appellants to have been initiated by the United States Attorney and the trial conducted by an Assistant United States Attorney. Title 5 U.S. C.A. § 310 deals only with *conduct* of the proceedings by proper authority, with which there was compliance. Mr. Crewe assisted, but it cannot be said he conducted the trial. It follows that Mr. Crewe's appearance in the trial did not deprive the court of jurisdiction. The proceedings and resulting convictions cannot be said to have been void.

Appellant Denton contends the trial court erred in permitting him to be cross-examined concerning a prior conviction of second degree murder, for which he had received full pardon. The trial court ruled the question proper as going to Denton's credibility as a witness. The authorities concerning the effect of executive clemency are collected in Petition of de Angelis, D.C., 139 F. Supp. 779, wherein it was held that a pardon relieves of the consequences of conviction of crime, but does not obliterate the conviction itself. This court considered the admissibility of evidence of prior convictions in Henderson v. United States, 202 F.2d 400 at pages 405 and 406, C.A.6; cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253 (1955). In that case it was held that cross-examination concerning prior convictions, which bear on credibility, should be limited as at common law to proof of convictions of felonies or crimes involving moral turpitude. It results the trial court did not err in permitting cross-examination of appellant Denton concerning former conviction of felony, although he had received a full pardon.

The latitude accorded the trial judge and the substantiality of the evidence against these appellants as shown by the record dispense with the necessity of discussing other questions presented herein. There being no reversible error, the District Court is in all things affirmed.