**UNITED STATES of America**

v.

**Ernest PANZA.**

**Magistrate's Docket No. 74.**

**No. 23–IS.**

United States District Court, W. D. Pennsylvania.

Feb. 28, 1974.

Clifford Tuttle, Jr., Pittsburgh, Pa., for Drager.

Craig R. MacKay, Pittsburgh, Pa., Asst. U. S. Atty., for United States Attorney.

OPINION AND ORDER

MARSH, Chief Judge.

On February 1, 1974, a motion was filed by Clifford L. Tuttle, Jr., attorney for Kenneth Drager, designated as prosecutor, for leave to file a criminal complaint against Ernest Panza, alleging violations of the United States Code, Title 18. The motion asserts that the United States Attorney for the Western District of Pennsylvania refused to consent to the filing of the complaint.

Oral argument was heard on February 12, 1974. A written brief was submitted by Mr. Tuttle on behalf of Mr. Drager. The United States Attorney submitted no brief.

After review of the applicable case law, it appears that private citizens have no right to institute criminal prosecutions in federal court, and the motion for leave to file a criminal complaint must be denied.

Initially it is observed there is a long line of cases holding that federal courts

---

have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney. The early case most frequently cited is Confiscation Cases, 74 U.S. 454, 7 Wall 454, 19 L.Ed. 196 (1869). In that case the Attorney General moved to dismiss libels for condemnation and forfeiture of vessels which had "been employed in aid of the rebellion, with the consent of the owners." The court observed that the law, 12 Stat. at Large 319, provided for confiscation of any property used in aiding, abetting, or promoting insurrection against the government of the United States. The informer objected to discontinuance of the prosecutions. In granting the motions to dismiss, the Supreme Court said, 74 U.S. 457:

> Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, and even after they are entered in court, they are so far under his control that he may enter a *nolle prosequi* at any time before the jury is empanelled for the trial of the case, except in cases where it is otherwise provided in some act of Congress.

> Civil suits  .   .   .

> Settled rule is that those courts [district and circuit] will not recognize any suit, civil or criminal, as regularly before them, if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or some one designated by him to attend to such business in his absence, as may appertain to the duties of his office.

Another early case was United States v. Stone, 8 F. 232 (C.C.Tenn.1881), in which the defendant argued his confession had been improperly admitted into evidence because it had been extracted by a private detective. The court noted that confessions obtained by threats of harm or promises of favor by "persons in authority" were to be excluded from the hearing of judicial tribunals. However, the private detective was not such a "person in authority." The court stated, 8 F. 260–261:

> We have in our courts no such *quasi* officer as a prosecutor, as known to the common law and our state practice. At common law some person, generally the party injured, though it might be another person, must be named as prosecutor, except in special cases. And without this there could be no prosecution  .   .   . But under our federal practice from the earliest times, and by force of the statute, the district attorney is the only prosecutor known to our law; and as a matter of fact, in this court, at least, no private prosecutor has ever been recognized.

More recently, defendants have argued that their convictions were void because their trials were prosecuted by government attorneys who were not duly appointed Assistant United States Attorneys. Home News Publishing Company v. United States, 329 F.2d 191 (5th Cir. 1964); United States v. Denton, 307 F.2d 336 (6th Cir. 1962). In both cases the Courts of Appeals found the convictions were valid because the prosecutions had been initiated and supervised by the office of the United States Attorney. In *Home News* the Assistant United States Attorney had introduced, at the beginning of the trial, the two attorneys from the Department of Labor who were to try the case. The court stated, 329 F.2d 192:

> Appellant contends that the laws of the United States as codified in Sec. 507(a)(1), 28 U.S.C.A., [now 28 U.S. C. Sec. 547] [1] and Sec. 310 of 5 U.S. C.A. [now 28 U.S.C. Sec. 515(a)] [2]

---

1. Except as otherwise provided by law, each United States Attorney, within his district, shall—
     (1) prosecute for all offenses against the United States;
   .     .     .     .     .     .     .

2. (a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or crimi-

prohibit anyone other than a duly appointed United States Attorney for the district or any counsel specifically appointed by the Attorney General for that purpose to conduct a trial in the manner in which these attorneys from the office of the Solicitor of the Department of Labor acted in the trial here.

The court later stated, 329 F.2d at 193:

In view of the failure of defense counsel to make a specific objection to this proceeding, as a result of which appellant permitted the Government to proceed during a two-day trial without specific objection, and in the absence of any authoritative decision which holds on facts similar to those before us that the trial court lost jurisdiction, we are impelled to consider that these provisions of the federal statute should properly be construed as to permit the conduct of a trial once the prosecution is properly commenced by the Assistant United States Attorney who may explain to the court that he stands responsible for the conduct of the trial, even though not present in the courtroom, by other Government counsel.

In United States v. Denton, *supra,* the court stated, 307 F.2d at 338:

If the United States appear in a cause only through a special assistant, who has no authority, then the United States as a party may not be properly in court. The record here, however, shows the case against these appellants to have been initiated by the United States Attorney and the trial conducted by an Assistant United States Attorney. Title 5 U.S.C.A. Sec. 310 [now 28 U.S.C. Sec. 515(a)] deals only with conduct of the proceedings by proper authority, with which there was compliance. Mr. Crewe [assistant regional counsel of the Internal Revenue Service] assisted, but it cannot be said he conducted the trial. It follows that Mr. Crewe's appearance in the trial did not deprive the court of jurisdiction. The proceedings and resulting convictions cannot be said to have been void.

In two cases from the District of Columbia, Powell v. Katzenbach, 123 U.S. App.D.C. 250, 359 F.2d 234 (1965), cert. den. 1966, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed. 2d 359, and Moses v. Kennedy, 219 F.Supp. 762 (D.C.1963), alleged victims have unsuccessfully attempted through mandamus actions to compel the Attorney General to institute criminal prosecutions. *Powell, supra,* was a mandamus action against the Attorney General of the United States seeking an order compelling him to prosecute a national bank and certain persons who allegedly were parties to an illegal conspiracy. In affirming the district court's dismissal for failure to state a cause of action, the court stated, 359 F.2d at 234:

It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion  .  .  .

*Moses, supra,* was an action for mandamus brought by seven negro residents and one white resident of Mississippi against the Attorney General and the Director of the Federal Bureau of Investigation to compel the defendants to institute criminal prosecutions against public officials of the state of Mississippi who had intimidated, arrested, beaten, and prosecuted plaintiffs while they were engaged in constitutionally protected activities, such as drives to register voters for federal elections. The court found that, even assuming plaintiffs' allegations to be true and assuming the public officials' actions to constitute violations of the Constitution, the complaint would still have to be dismissed as requesting remedies the court had no power to

---

nal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are autho-

rized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

grant. The determination of whether or not to prosecute was a discretionary decision for the Executive branch of the government, and the courts had no jurisdiction over it. The court rejected plaintiffs' argument that in civil rights actions the prosecution determination was not a discretionary decision because of the language in 42 U.S.C. Sec. 1987 that federal officials are "authorized and required" to prosecute persons who have violated certain provisions of the Civil Rights Act.

United States v. Cox, 342 F.2d 167 (5th Cir. 1965), cert. den. 1965, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700, was a petition for prohibition by the Attorney General of the United States and the United States Attorney for the Southern District of Mississippi against a district judge to preclude enforcement of the judge's order directing the United States Attorney to draft such true bills or no true bills as the grand jury requested and further directing the United States Attorney to sign such indictments. The Court of Appeals held that the United States Attorney could not be compelled to draft or sign indictments requested by the grand jury. The court stated, 342 F.2d at 171:

> The judicial power of the United States is vested in the federal courts, and extends to prosecutions for violations of the criminal laws of the United States. The executive power is vested in the President of the United States, who is required to take care that the laws be faithfully executed. The Attorney General is the hand of the President in taking care that the laws of the United States in legal proceedings and in the prosecution of offenses, be faithfully executed. The role of the grand jury is restricted to a finding as to whether or not there is probable cause to believe that an offense has been committed. The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause. Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions. The provision of Rule 7, requiring the signing of the indictment by the attorney for the Government, is a recognition of the power of Government counsel to permit or not to permit the bringing of an indictment. If the attorney refuses to sign, as he has the discretionary power of doing, we conclude that there is no valid indictment. It is not to be supposed that the signature of counsel is merely an attestation of the act of the grand jury . . . Rather, we think, the requirement of the signature is for the purpose of evidencing the joinder of the attorney for the United States with the grand jury in instituting a criminal proceeding in the Court. Without the signature there can be no criminal proceeding in the Court. Without the signa-Substantial compliance rather than technical exactness meets the requirement of the rule. There seems to be no authority for the statement that the absence of a signature is not fatal.

Smith v. United States, 375 F.2d 243 (5th Cir. 1967), was an action under the Federal Tort Claims Act by the proprietor of a business against the United States. Plaintiff alleged that as a result of his participation in a jury verdict in favor of a defendant sheriff in a federal civil rights action brought by a colored plaintiff his grocery business had been picketed by militant and activist civil rights groups. Plaintiff had requested the United States Attorney and the Fed-

eral Bureau of Investigation to investigate and prosecute the boycotters for intimidation of a federal juror. Plaintiff alleged that the failure of the government to arrest or prosecute the offenders injured his business, which was completely destroyed. The government's motion to dismiss for failure to state a claim had been granted by the district court and was affirmed by the Court of Appeals. In discussing the scope of the discretionary decision of whether or not to prosecute, the court said, 375 F.2d at 247:

> We emphasize that this discretion, exercised in even the lowliest and least consequential cases, can affect the policies, duties, and success of a function placed under the control of the Attorney General by our Constitution and statutes. For example, in order to keep from congesting the courts and wasting the prosecutors' time with many ordinary cases, in some areas the government must choose to prosecute only impressive test cases with a high potential of success. Further, many defendants who commit federal crimes of a comparatively lowly order (such as transportation of stolen automobiles in interstate commerce, and narcotics and gambling violations) simultaneously commit similar state offenses. The decision to prosecute in federal court or to defer to state prosecution must therefore be made. Such decisions involve consideration of federalism and cooperation between the federal government and the states. These are fundamental questions. See Schwartz, Federal Criminal Jurisdiction and Prosecutors' Discretion, 13 Law and Contemp. Prob. 64, esp. at 83–87 (1947). Decisions which must be made in run of the mill cases reflect " ' [j]udgment reached primarily by balancing the public interest in effective law enforcement against the growing rights of the accused.
>
> " ' . . . [Some of the] considerations are the likelihood of conviction, turning on choice of a strong case to test uncertain law, the degree of criminality, the weight of the evidence, the credibility of witnesses, precedent, policy, the climate of public opinion, timing, and the relative gravity of the offense. In weighing these factors, the prosecutor must apply responsible standards, based, not on loose assumptions but, on solid evidence balanced in a scale demanding proof beyond a reasonable doubt to overcome the presumption of innocence. . . . Still other factors are the relative importance of the offense compared with the competing demands of other cases on the time and resources of investigation, prosecution and trial. All of these and numerous other intangible and imponderable factors must be carefully weighed and considered by the conscientious United States Attorney in deciding whether or not to prosecute.
>
> " 'All of these considerations point up the wisdom of vesting broad discretion in the United States Attorney.' "

Pugach v. Klein, S.D.N.Y.1961, 193 F.Supp. 630, 635.

In Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961), petitioner sought, among other things, a writ of mandamus to compel the United States Attorney to prosecute an officer of the New York City Police Department and others for obtaining wiretap evidence in violation of the Federal Communications Act, 47 U.S.C. Sec. 501, 605. After discussing the many elements which must be considered and weighed by the United States Attorney in making his discretionary decision whether or not to prosecute, the court said, 193 F.Supp. 635:

> All of these considerations point up the wisdom of vesting broad discretion in the United States Attorney. The federal courts are powerless to interfere with his discretionary power. The Court cannot compel him to prosecute a complaint, or even an indictment, whatever his reasons for not

acting. The remedy for any dereliction of his duty lies, not with the courts, but, with the executive branch of our government and ultimately with the people. Milliken v. Stone, D.C.S.D.N.Y.1925, 7 F.2d 397, affirmed 2 Cir., 16 F.2d 981, certiorari denied 1927, 274 U.S. 748, 47 S.Ct. 764, 71 L.Ed. 1331. See United States v. Woody, D.C.D.Mont.1924, 2 F.2d 262.

Nor is there a residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason. United States v. Brokaw, D.C.S.D. Ill.1945, 60 F.Supp. 100; United States v. Stone, C.C.W.D.Tenn.1881, 8 F. 232, 261. The rights petitioner seeks to vindicate here are not his private rights, as in Reitmeister v. Reitmeister, 2 Cir., 1947, 162 F.2d 691, but the right of the United States to enforce its criminal laws. Pugach v. Dollinger, 2 Cir. 1960, 277 F.2d 739, 743, 744, affirmed 81 S.Ct. 650, 5 L. Ed.2d 678; 47 U.S.C.A. § 401(c); United States v. Gris, 2 Cir., 1957, 247 F.2d 860.

The case cited by movant in his brief, Johnson v. MacCoy, 278 F.2d 37 (6th Cir. 1960), is not applicable since it involved an interpretation of the law of the state of California. Movant describes the case as "a Ninth Circuit ruling on a state court's refusal to accept a complaint of a private citizen . . . ." Actually in that case a judge of the Municipal Court of the Los Angeles Judicial District, State of California, *had* issued felony complaints against the plaintiff and arrest warrants had been issued. Another judge of the Municipal Court, Judicial District, had dismissed the first proceedings upon the ground that there was no jurisdiction to issue a felony complaint on the complaint of a private citizen. Plaintiff then brought a civil rights action (42 U.S.C. Sec. 1983) for damages against the judge who had accepted the complaints. The Ninth Circuit affirmed the district court's dismissal of the action. The court said, 278 F.2d 38:

At best, the law in California as to whether a municipal court judge has jurisdiction to issue a complaint and warrant upon a showing made by a private citizen, and not a prosecutive agency, is somewhat, but not totally, obscure. We find no case squarely in point.

The court later said, 278 F.2d 40:

Here we interpret the California Penal and Government Codes to authorize the district attorney to present or lay a complaint before a magistrate as to a possible felony, but not to exclude or prohibit the same act when performed by a private citizen.

Since plaintiff had failed to show that the judge had acted either in the *absence* of jurisdiction or in *excess* of jurisdiction, the court found him to be immune from suit.

While no case has been found which discusses the specific issue here—whether a private citizen may file a complaint before a United States magistrate—the case law discussed does disclose that the prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. Therefore, the motion for leave to file a complaint must be denied. An appropriate order will be entered.