**UNITED STATES of America,**

v.

**Kenneth Charles DAVIS, Defendant.**

**No. 76 CR 770.**

United States District Court,
E. D. New York.

April 7, 1977.

David G. Trager, U. S. Atty., E.D.N.Y. by Victor J. Rocco, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

Wm. J. Gallagher, Federal Defender Services Unit, Legal Aid Society, Brooklyn, N. Y., for defendant; Edward J. Kelly, Brooklyn, N. Y., of counsel.

## OPINION and ORDER

PLATT, District Judge.

Defendant moves for an order permitting him, pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, to withdraw his guilty plea offered on December 17, 1976, to Count One of the indictment herein and for a further order remanding his case to the District of New Jersey "for appropriate action there". The basis for defendant's motion appears to be the Presidential Proclamation of Pardon (No. 4483 dated January 21, 1977) granting a general pardon to violators of the Selective Service Act

who had violated such law between August 4, 1964 and March 28, 1973.

In a two count indictment filed on June 1, 1973, in the United States District Court for the District of New Jersey, defendant was charged with failing to report for induction into the armed forces of the United States on August 28, 1970 (Count One) and with failing to keep his local draft board informed as to his current address (Count Two), all in violation of Title 50, U.S.C. Appendix § 462.

From June 1, 1973 until September 27, 1976 defendant successfully eluded the authorities and on the latter date he was arrested in this District and arraigned before Magistrate Chrein of this Court. On November 16, 1976, defendant consented to have his case transferred from the District of New Jersey to this District pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Thereafter, on December 17, 1976, pursuant to an agreement with the United States Attorney for the District of New Jersey, the defendant was permitted to plead and pled guilty to Count One of the indictment with the understanding that at time of sentence the government would move to dismiss Count Two. A presentence report was requested and was in the process of completion when the Presidential Proclamation was issued.

In his memorandum submitted in support of his motion, defendant, through his attorney, asserts that he "accepts the general pardon and now pleads it in bar of any further proceedings in his case" (Br. for def. p. 7).

Three questions arise from this motion. First, does the Pardon render all proceedings under the pending indictment moot; second, is the defendant seeking appropriate relief in his request for permission to withdraw his guilty plea, enter a "not guilty" plea herein and have his case remanded to the District of New Jersey;[1] and third, would it be an abuse of discretion

---

1. We presume that the defendant's motion contemplates the entry of a plea of "not guilty" since rule 20 only authorizes a transfer of the case back to New Jersey if the defendant pleads "not guilty".

for this Court to refuse to permit defendant to interpose the Pardon as a bar to further proceedings at this juncture.

■ As to the first question, the Court agrees with the dissenting opinion of the Chief Judge for the Court of Appeals for the Seventh Circuit in *Bjerkan v. United States*, 529 F.2d 125 (7th Cir. 1975), that because a conviction would materially affect (notwithstanding the Pardon) the future status of the defendant, the proceedings cannot be said to be moot by reason of the Pardon. (539 F.2d at 129). *See also People ex rel. Prisament v. Brophy*, 287 N.Y. 132, 38 N.E.2d 468 (1941), *cert. den.*, 317 U.S. 625 (1942); and *Petition of DeAngelis*, 139 F.Supp. 779 (E.D.N.Y.1956).

■ With respect to the second question, if the Court were to grant defendant's motion for permission to withdraw his guilty plea and to enter a "not guilty" plea in lieu thereof, it would appear that he might well be said to have waived[2] his pardon (See *United States v. Wilson*, 32 U.S. (7 Pet.) 150, at 160, 8 L.Ed. 640 (1833)), a result which the Court does not believe the defendant really wants.

■ As to the third question, this Court would not in the normal course exercise its discretion in a situation such as this which in the view of many will only result in a rank discrimination in favor of the defendant and against many others who were similarly situated to him in August of 1970 because the defendant herein successfully eluded the authorities for several years whereas those similarly situated to him either served their country in its time of need or were forced to suffer the punishment imposed on them for refusing to do so. In the eyes of a large part of our citizenry this is the type of manifest injustice that creates cynical disrespect for the law and for our country.

Nonetheless, the courts have repeatedly said in analogous situations that if a defendant has a defense for his crime and advances the same subsequent to the entry of a guilty plea but prior to sentence, permission to withdraw a guilty plea "should be rather freely granted", *United States v. Joslin*, 140 U.S.App.D.C. 252, 434 F.2d 526, 531 (1970), and have reversed District Courts for abuse of discretion for failure to grant such permission where a defendant has a defense to assert. *United States v. Young*, 424 F.2d 1276 (3d Cir. 1970).

In many respects, this case presents an *a fortiori* situation to the case where a defendant bases his request for permission to withdraw his plea on the assertion of a legitimate defense. Hence this Court is of the opinion that, notwithstanding justifiable feelings with respect to the lack of fairness which has resulted herein, the defendant's plea of the Pardon in bar of any further proceedings in this case must be accepted. See *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160, 8 L.Ed. 640 (1833).

Since the Court has assumed[3] (on the basis of defendant's counsel's assertion that the defendant has accepted the pardon and pleaded the same as a bar) that the defendant does not wish to change his plea herein (with the consequent waiver of the pardon), Rule 20 of the Rules of Criminal Procedure does not require or provide for the return of the papers in this proceeding to the District of New Jersey; nor is there any provision for the dismissal of the indictment. Hence the net result is that the guilty plea to the indictment stands, the Presidential Pardon stands in bar of execution thereon, and the case should be and hereby is marked as "closed", subject only to defendant's right to move to reargue, as heretofore indicated, within 10 days of the filing of this Order (General Rule 9(m)) and his right to appeal

2. At first blush this might not seem correct but the Court is convinced that it is, because it is well settled that a pardon to be effective must be accepted and by accepting a pardon a defendant admits his guilt. The inverse is likewise true, namely, the denial of one's guilt (i. e., a plea of "not guilty") after a pardon has been

tendered constitutes a rejection or waiver of the pardon. *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 8 L.Ed. 640 (1833).

3. If the Court's assumption on this point is incorrect, the defendant may, of course, move for reargument on this point.

within 30 days of the entry hereof (F.R. App.Proc. Rule 4(a)).

SO ORDERED.