## Commonwealth v. Braun

*Richard A. Consiglio,* for petitioner.
*Walter F. Wall, First Assistant District Attorney,* for Commonwealth.

BRUMBAUGH, *J.,* October 14, 1980—On May 6, 1980 the Blair County District Attorney's office disapproved the private criminal complaint of Sondra E. McCloskey charging Kurt E. Braun, Tyrone Borough Police Chief, with harassment, simple assault and false imprisonment as the result of an incident which took place at the borough police station on June 4, 1979. Mrs. McCloskey then petitioned this court for approval of the complaint, to which application the district attorney's office responded and filed a motion to dismiss. Testimony was presented on the issue by Mrs. McCloskey and Assistant District Attorney Walter F. Wall before this court on August 15, 1980.

In determining the guideline applicable to our disposition of the matter we turn first to the rule (Pa.R.Crim.P. 133(B)(3)) governing such private prosecutions, which confers jurisdiction upon us in the following language:

"If the attorney for the Commonwealth . . . (ii) disapproves the complaint, he shall state his reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval."

Unlike the Commonwealth attorney in the first instance, the court in its consideration thereafter is not required to give reasons for either approval or disapproval; in fact, there is no mandate that we even grant a hearing. See Piscanio Appeal, infra, fn.5, at p. 495. Thus our function in the instant matter is distinguishable from a hearing upon appeal, wherein the court is called upon to receive

evidence anew and to exercise its own completely independent judgment. This distinction seems acknowledged by Mrs. McCloskey's petition, which requests that we "review the actions of the district attorney." That our right of review is restricted appears in Com. v. Morris, 267 Pa. Superior Ct. 379, 381, 406 A. 2d 1091, 1092 (1979), quoting with approval Shade v. Com., 394 F.Supp. 1237, 1242 (M.D. Pa. 1975):

" '[W]hile there may be instances in which the courts would be entitled to review the exercise of prosecutorial discretion, such review is limited to circumstances involving the deliberate use of such factors as race, religion, or other suspect classifications. . . . In the absence of such factors, the exercise of prosecutorial discretion does not violate due process or equal protection of the law.

" ' . . .

" 'The criminal law is not a computerized system and discretion . . . is a necessary and inherent part of the criminal justice system. Prosecutorial discretion in law enforcement "is by its very nature exceedingly broad" and such discretion is an essential part of the criminal justice system.' "

The broader the prosecutorial discretion, the narrower must be the right of review thereof, and consequently our involvement is intended as but a guard against its indiscriminate or invidious use. When, as here, hearing is held and evidence received by the court, the applicant must show preponderantly an abuse of such discretion. See, also, United States v. Torquato, 602 F. 2d 564, 568-570 (3d Cir. 1979).

Mrs. McCloskey, until her resignation sometime subsequent to the June 4 incident, was a borough council member and police committeewoman and had earlier been directed by the council and the

other members of its five-member police committee as well as Chief Braun, not to enter the chief's office. On May 4, 1979, exactly one month prior to the subject incident, she delivered the following letter to the Tyrone police department:

"Chief Braun,

I was hear (sic) to tell you that if you cause me any more trouble about my not being allowed in the Police Department, I will be the one to throw you out, and that is a promise.

If you are doing so much wrong that I cannot know about it you are in trouble anyways.

I fully intend to come in here any time I want to with or without your permission.

May God forgive me for ever voting for You. The board that helped us hire you must be as "sick" as you are.

You had better find your God and Savior real soon and do what is right or look for a home some where else.

For me to live is Christ
/s/ Sondra A. McCloskey
Sondra A. McCloskey

P.S. God nevers does anything with out a warning and you just had yours."

On the date of the subject incident Mrs. McCloskey entered the police department in the basement of the Tyrone Borough Building and, without requesting authorization, proceeded past the dispatcher's station down a corridor, in her own words a "so called restricted area," to a room near his office where Chief Braun was found and, despite her concession that he appeared so distressed she "felt sorry for him," she immediately stood in front of him and railed "Kurt, you must be crazy or sick." Chief Braun ordered her to leave several times, directions which Mrs. McCloskey ignored. Chief

Braun then, according to Mrs. McCloskey, grabbed her arm and pushed her toward the door, she still insisting "I'm not leaving" and grabbing hold of the door frame to resist her ejectment from the room. At this point Chief Braun advised Mrs. McCloskey he would arrest her if she did not leave, to which she admits responding "Good, that's what I want."

While we accept for purposes of this review that Chief Braun thereupon seized both of Mrs. McCloskey's arms, twisted them behind her back and locked her in a cell for 15-20 minutes while he prepared a citation charging her with disorderly conduct (see Pa.R.Crim.P. 51A(3)), what preceded this ultimate action seems most significant. It is clear that Mrs. McCloskey not only desired, but was looking for an opportunity to induce, a crisis situation. Consideration of the motive of a potential private prosecutor is not unimportant. See Com. v. Morgan, 358 Pa. 607, 615, 58 A. 2d 330 (1948). There should be no open door to the criminal courts as a means of satisfying personal vendettas. We cannot escape the conclusion that pursuit of these charges could produce a result inapposite to the very purpose of criminal prosecutions, which is to redress *public*, and not private, wrongs.

Despite being without the services of a single private investigator, so important did the Blair County District Attorney's office consider these charges against Chief Braun that the only full-time member of the staff, Assistant District Attorney Wall, personally undertook an investigation, pursuant to which he contacted Mrs. McCloskey's counsel, Chief Braun and the two police officers who witnessed the incident. In concluding that the charges reflect only conduct of Chief Braun in effecting an arrest and detention of Mrs. McCloskey for being disorderly it is apparent that attorney Wall

determined that Mrs. McCloskey was seeking to persist in a primarily retaliatory measure. We cannot disagree with this latter determination.[1]

The seriousness of the charges must be viewed in light of the nine and one-half months which elapsed between the incident and the filing of the complaint before Magistrate Ake, coupled with the intervening dismissal of the disorderly conduct charge against Mrs. McCloskey by Magistrate Morrisey on technical or procedural, rather than on substantive, grounds. Common sense also dictates that the prosecutorial fervor which normally attends preparation and presentation of the Commonwealth's case would be pronounced by its absence were we to approve this complaint. Further, we take judicial notice of the huge backlog of cases for trial, both civil and criminal, presently existing and which has existed in this judicial district over the past several years. Prosecutorial resources and personnel,[2] the gravity of the alleged offense, the likelihood of conviction and court congestion are all factors significant to a decision whether to prosecute or not: United States v. Panza, 381 F.Supp. 1133, 1137 (W.D. Pa. 1974).

"[T]he district attorney has the duty to avoid prosecution . . . when that office is satisfied that such a course would advance the interests of justice." Piscanio Appeal, 235 Pa. Superior Ct. 490,

---

1. It is neither the intent nor the function of the court in this proceeding to justify or censure, pass upon the merits or demerits of or in any way express an opinion concerning Chief Braun's conduct relative to the subject incident.

2. Attorney Wall resigned as an Assistant District Attorney effective October 1, 1980, in part owing to the inadequate staffing afforded the Blair County District Attorney's office and the inordinate time demands upon his position; to date no successor full-time has been found.

495, 344 A. 2d 658, 661 (1975). We find that the petitioner has produced no evidence demonstrating an abuse of prosecutorial discretion on the part of the Blair County District Attorney's Office in this matter. The court stated at p. 496, fn.5: "If he [citizen complainant] fails to convince the public prosecutor in his capacity as representative of the people, or the court, to invoke the prosecutorial powers of the Commonwealth to redress what he conceives to be a violation of the law, he has lost nothing."

The court also stated at p. 496: "If a private prosecutor feels individually harmed his remedy is a civil suit for damages."

## DECREE

And now, October 14, 1980 the subject criminal complaint of Sondra E. McCloskey against Kurt E. Braun is hereby disapproved.