ALD-202-E                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1861
_____

IN RE:  EL AEMER EL MUJADDID (Ex. Rel/Fomerly AEMER K.C. EL),

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-12-cv-07750)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 15, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 17, 2014 )
_____

OPINION
_____

PER CURIAM

El Aemer El Mujaddid, a.k.a. Aemer K.C. El, submits a petition for a writ of

mandamus.[1]  He cites, inter alia, 28 U.S.C. § 1651; Rule 21 of the Federal Rules of

Appellate Procedure; the Crime Victims' Rights Act, 18 U.S.C. § 3771; and various

statutory and constitutional provisions.  He seeks a writ to compel the District Court to

_____

[1] El also submits a motion for permission to file a petition longer than that allowed under
Rule 21(d).  We grant it, and we consider the entirety of the petition, including its exhibit.

"process," in compliance with Rules 3 and 4 of the Federal Rules of Criminal Procedure, a criminal complaint against a retired state or local judge for peonage under 18 U.S.C. § 1581. He seeks unspecified relief under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Lastly, he seeks a writ to compel a transfer of his District Court case from the Camden Vicinage to the Trenton or Newark Vicinage.

We will deny El Aemer El Mujaddid's petition. To the extent that he petitions for a writ of mandamus independently of 18 U.S.C. § 3771, see, e.g., Petition at 10 (citing 28 U.S.C. § 1651), we conclude that he does not overcome the high hurdle for such relief. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, the writs traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain such relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

El Aemer El Mujaddid cannot make the required showing. The District Court had no obligation to "process" the federal complaint for peonage that he presented. Under Rule 4 of the Federal Rules of Criminal Procedure, a judge presented with a complaint

2

establishing probable cause must issue an arrest warrant to an officer authorized to execute it. However, a judge is charged with determining whether probable cause actually exists. See Giorenello v. United States, 357 U.S. 480, 486 (1958). It is unclear from the document that El Aemer El Mujaddid presented whether probable cause existed; there are checkmarks next to probable cause is found and probable cause is not found. More fundamentally, however, private citizens have no right to have a criminal complaint filed or to institute criminal prosecutions in federal court. See United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974). El Aemer El Mujaddid asserts that he did not want to prosecute the charges himself. We understand that; however, we note that whether to initiate proceedings or prosecute was not a decision for him or the District Court. See United States v. Armstrong, 517 U.S. 456, 464 (1996) (explaining that, generally, the decision to federally prosecute "rests entirely" in the broad discretion of the Attorney General and the United States Attorneys).

El Aemer El Mujaddid also does not show an indisputable right to relief under the Religious Freedom Restoration Act or Bivens because of the District Court's actions.[2] Furthermore, he shows no basis for a transfer of his District Court case.

While mandamus relief is available under a different, and less demanding, standard under 18 U.S.C. § 3771 in the appropriate circumstances, see 18 U.S.C.

---

[2] To the extent that he uses his petition for a writ of mandamus to challenge the District Court's ruling on a separate mandamus petition, we note that mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

§ 3771(d)(3); <u>Kenna v. U.S. Dist. Court</u>, 435 F.3d 1011, 1017 (9th Cir. 2006); <u>United States v. Rigas</u>, 409 F.3d 555, 562 (2d Cir. 2005), it is not available to El Aemer El Mujaddid here.  Even assuming that El Aemer El Mujaddid is a crime victim for whom mandamus and other relief is available under § 3771 (a generous assumption based on the ambiguous evidence he proffers regarding an alleged violation of a federal peonage statute, <u>see</u> 18 U.S.C. § 3771(e) (defining "crime victim")), he has in no way shown that he is being deprived of the rights accorded crime victims, <u>see</u> <u>id.</u> at § 3771(a).  Furthermore, he does not even seek enforcement of those rights, relying on 18 U.S.C. § 3771 instead to win other forms of relief.

For these reasons, El Aemer El Mujaddid is not entitled to mandamus relief, so we will deny his petition.[3]

---

[3] As we stated above, we grant his motion for relief from the page limitations.