# UNITED STATES *v.* CROSTHWAITE.

APPEAL FROM THE COURT OF CLAIMS.

No. 77.  Submitted November 1, 1897. — Decided November 29, 1897.

Attorneys and counsellors specially employed to render legal services for the United States cannot, under existing legislation, be compensated for such services in the absence of the certificate of the Attorney General required by Rev. Stat. § 365; and if he fails or refuses to give such certificate, Congress alone can provide for compensation.

One who receives a commission as special assistant to a District Attorney for particular cases, or for a single term of court, or for a limited time, is not an Assistant District Attorney within the meaning of Rev. Stat. § 365, and therefore the certificate of the Attorney General prescribed therein is a prerequisite to the allowance of compensation.

THE case is stated in the opinion of the court.

*Mr. Assistant Attorney General Pradt* for appellants.

*Mr. John C. Chaney* and *Mr. John R. Garrison* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an appeal from a judgment against the Government in the Court of Claims for the sum of three hundred dollars, which was found to be the value of certain services rendered by the appellee, as a special assistant to the attorney of the United States for the District of Idaho, at a called term of the Circuit Court.

The facts found by the Court of Claims, and upon which the appellee's claim for compensation depends, may be thus summarized:

On the 22d of June, 1892, the appellee, an examiner in the Department of Justice, received from the Attorney General an order directing him to discontinue the investigations then being made by him in Utah, and proceed at once to Idaho for

the purpose of conferring with the author of a certain confidential communication which had been received by the Department of Justice. The order also directed him to examine the offices and accounts of the United States Attorney, the United States Marshal, the clerk of the United States court and the United States Commissioners, investigate the manner in which business was conducted by those officers, inform himself as to the character and qualifications of the various officials and report to the Department the results of his examination.

While thus engaged in Idaho the plaintiff received by telegraph, August 9, 1892, an order from the Acting Attorney General of the United States, directing him to "report to and assist the United States Attorney at a special term to be called by Judge Beatty at Cœur d'Alene City, Idaho."

On the 13th of August, 1892, he was appointed by the Acting Attorney General "a special assistant to the attorney of the United States for the District of Idaho, to aid him in the preparation and prosecution of all criminal business properly coming before the court during its special term, ordered at Cœur d'Alene for August 3d, 1892." The order of appointment stated: "Your compensation will be determined by the Attorney General upon completion of your service. Execute the customary oath of office and forward the same to this department without delay."

It should be stated that on the 14th day of August, 1892, while at Boise City, and after his above appointment had been made, but before receiving notice thereof, the appellee mailed to the Attorney General an official communication in relation to the criminal proceedings then being instituted in Idaho against rioters and conspirators, in which he said: "I will proceed to Wallace tomorrow for the purpose of preparing the cases for trial, and to select the necessary witnesses, in order that none may be subpœnaed unnecessarily. The marshal has been instructed to provide a sufficient guard for the term to be held, and everything appears to be moving along smoothly. In order that no question may be raised by the defence as to my status, and that I may be able to appear before the grand jury, I beg to suggest the advisability of my appointment as

a special assistant to the United States Attorney, without compensation, for these cases."

The plaintiff took the required oath of office and performed the duties assigned to him. He appeared on behalf of the United States before the United States Commissioner at Wallace, Idaho, for the purpose of having him "discharge" a large number of rioters who had been held to appear before that officer, examined witnesses before the grand jury, rendered daily service at the trial of the cases "and generally rendered the professional assistance of an Assistant District Attorney from the 23d of August, 1892, to the 28th of September, 1892." He performed also his duties as Examiner of the Department of Justice.

At the time of rendering service as special assistant to the District Attorney he was receiving in his capacity as an examiner in the Department of Justice a salary of $2500 per annum. He was also reimbursed for his travelling expenses during the time he acted as special assistant to the District Attorney.

Upon the conclusion of his services as above stated, the appellee, although he had suggested that his appointment should be without compensation, sent to the Attorney General a statement of his services, as special assistant to the District Attorney, saying: "I send this statement to you, considering that it is necessary, if it shall be determined that I shall be compensated for the services performed as ass't U. S. att'y. I have left the amount to be inserted at the Department in accordance with your action thereon." But the Attorney General expressed his surprise that the appellee should claim special compensation and refused to fix any compensation for his services, saying, in a communication to the plaintiff: "As an examiner of this department you receive $2500 a year and expenses, and what you have been doing is clearly within the line of your duty in the premises."

The question as to the employment of special counsel on behalf of the United States has frequently been the subject of legislation by Congress.

By the second section of the act of August 2, 1861, entitled

" An act concerning the Attorney General and the attorneys and marshals of the several districts," 12 Stat. 285, c. 37, it was provided " that the Attorney General be, and he is hereby, empowered, whenever in his opinion the public interest may require it, to employ and retain (in the name of the United States) such attorneys and counsellors at law as he may think necessary to assist the District Attorneys in the discharge of their duties, and shall stipulate with such assistant counsel the amount of compensation."

This section was repealed by the act of March 3, 1869, making appropriations for the Legislative, Executive and Judicial expenses of the Government for the fiscal year ending June 30, 1870, c. 121, 15 Stat. 283, 294. But by the act of April 10, 1869, entitled "An act concerning the Attorney General," the above act of March 3, 1869, was itself repealed, so far as it repealed the second section of the act of August 2, 1861, and that section was declared to be in full force ; and it was made the duty of the Attorney General to report " at the commencement of the next session of Congress, and to each succeeding session, the names of all the persons employed for the purposes aforesaid, and where and upon what business employed, with the compensation paid to each." 16 Stat. 46, c. 25.

Next came the act of June 22, 1870, establishing the Department of Justice, 16 Stat. 162, 164, c. 150, the sixteenth and seventeenth sections of which were preserved and reproduced in the following sections of the Revised Statutes :

" SEC. 363. The Attorney General shall, whenever in his opinion the public interest requires it, employ and retain, in the name of the United States, such attorneys and counsellors at law as he may think necessary to assist the District Attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings.

" SEC. 364. Whenever the head of a Department or Bureau gives the Attorney General due notice that the interests of the United States require the service of counsel upon the

examination of witnesses touching any claim, or upon the legal investigation of any claim, pending in such Department or Bureau, the Attorney General shall provide for such service.

" SEC. 365. No compensation shall hereafter be allowed to any person, beside the respective District Attorneys and Assistant District Attorneys, for services as an attorney or counsellor to the United States, or to any branch or Department of the Government thereof, except in cases specially authorized by law, and then only on the certificate of the Attorney General that such services were actually rendered, and that the same could not be performed by the Attorney General, or Solicitor General, or the officers of the Department of Justice, or by the District Attorneys.

" SEC. 366. Every attorney or counsellor who is specially retained under the authority of the Department of Justice, to assist in the trial of any case in which the Government is interested, shall receive a commission from the head of such Department, as a special assistant to the Attorney General, or to some one of the District Attorneys, as the nature of the appointment may require; and shall take the oath required by law to be taken by the District Attorneys, and shall be subject to all the liabilities imposed upon them by law."

The object of these statutory provisions is manifest. While giving the Attorney General full power to employ counsel for the United States to assist those upon whom regularly devolved the duty of representing the Government in the courts without special compensation, Congress intended to restrict the exercise of that power to the extent indicated in section 365. It was left to that officer to determine whether the public interests required the employment of special counsel. But that the discretion given to him might not be abused, and that unnecessary expense might be avoided, it was declared (§ 365) that, except in the cases of the respective District Attorneys and Assistant District Attorneys, no compensation should be allowed to any person, as an attorney or counsellor for the United States, unless specially authorized by law, and then *only* on the certificate of the Attorney General that such services were actually rendered, and that the same could

not have been performed by the Attorney General, or by the Solicitor General, or by the officers of the Department of Justice, or by the District Attorneys. The giving of such a certificate was thus made a condition of the right of the court to give judgment, as upon contract, against the Government for any amount whatever as compensation for legal services rendered in its behalf by counsel specially employed or retained by the Attorney General to assist those whose duty it is to represent the United States in its legal business. Attorneys and counsellors specially employed to render legal services for the United States cannot, therefore, under existing legislation, be compensated for such services in the absence of the certificate of the Attorney General required by section 365 of the Revised Statutes. In accepting such employment they take the risk of that officer giving such a certificate as ought to be given. If he fails or refuses to give the required certificate, Congress alone can provide for compensation. The courts cannot disregard the express command of the statute forbidding compensation to be allowed for legal services rendered by special counsel when the claim therefor is not accompanied by the prescribed certificate of the Attorney General.

This construction of the statute necessarily requires a reversal, with direction to render judgment for the United States, unless it be held that the plaintiff, while acting under his commission as "a special assistant to the attorney of the United States" during a single term of the Circuit Court of the United States for the District of Idaho and mainly for a particular class of cases, was an Assistant District Attorney within the meaning of the words in section 365, "beside the respective District Attorneys and Assistant District Attorneys;" for, in the cases of the officers last named, no formal certificate is required from the Attorney General. But we cannot so interpret the statute. The Assistant District Attorneys referred to in that section are those who are regular Assistant District Attorneys, serving the Government at fixed salaries, and employed not for special cases or particular legal business, nor for a specified term of court, but generally and regularly for all the business of the Government that may arise in the courts

of the district in which they serve. This interpretation finds support in many appropriation acts. In the Sundry Civil Appropriation Act of October 2, 1888, c. 1069, 25 Stat. 505, 545, the distinction is made between "regular Assistants to United States District Attorneys, who are appointed by the Attorney General at a fixed annual compensation," and "assistants to United States District Attorneys in special cases." This distinction has been made in subsequent appropriation and deficiency acts. 25 Stat.; October 19, 1888, c. 1210, pp. 565, 585; March 2, 1889, c. 411, pp. 939, 977: 26 Stat.; August 30, 1890, c. 837, pp. 371, 409; September 30, 1890, c. 1126, pp. 504, 528, 548; March 3, 1891, c. 540, pp. 862, 892; March 3, 1891, c. 542, pp. 948, 986: 27 Stat.; July 28, 1892, c. 311, pp. 282, 311; August 5, 1892, c. 380, pp. 349, 386; March 3, 1893, c. 208, pp. 572, 609; March 3, 1893, c. 210, pp. 646, 661, 668: 28 Stat.; April 21, 1894, c. 61, pp. 58, 61; August 18, 1894, c. 301, pp. 372, 416; March 2, 1895, c. 189, pp. 910, 957: 29 Stat.; c. 33, pp. 17, 26; June 8, 1896, c. 373, pp. 267, 297, 310, 313; June 11, 1896, c. 420, pp. 413, 450.

We are of opinion that the better construction of section 365 is that one who receives a commission as special assistant to the District Attorney for particular cases, or for a single term of the court, or for a limited time, is not an Assistant District Attorney within the meaning of that section; and therefore the certificate of the Attorney-General prescribed therein, which even that officer cannot dispense with, is a prerequisite to the allowance of compensation. Any other construction of the statute would defeat the object of its passage, which was to protect the Treasury from the expense incident to the employment of special counsel, where the Government did not have the assurance of the head of the Department of Justice, in the form of a certificate, that the services to be rendered were actually rendered and could not be performed, either by himself or by the Solicitor General, or by some officer of that Department, or by the proper District Attorney. In this view it was error to have rendered judgment against the Government.

*Reversed, with directions to dismiss the action.*