**HOME NEWS PUBLISHING COMPANY, Inc., and Jay Morton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 20479.

United States Court of Appeals
Fifth Circuit.

March 12, 1964.

Irving M. Wolff, Miami, Fla., for appellants.

Donald E. Stone, Asst. U. S. Atty., Miami, Fla., Jerry H. Opack, Atty., Dept. of Justice, Herbert J. Miller, Jr., Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS * and JONES, Circuit Judges.

TUTTLE, Chief Judge.

This appeal from a conviction of the appellants of a four count information, charging violation of the wage and hour and record keeping provisions and interstate shipment in violation of wage and hour requirements provisions of the Wage and Hour Laws, presents primarily an attack on the jurisdiction of the trial court by reason of the active conduct of the trial by attorneys for the Department of Labor rather than by a duly appointed United States Attorney or Assistant.

Upon the call of the case, the duly appointed Assistant United States Attorney announced, "The Government is ready." The Court then stated, "I would like to have counsel note their appearances in the record." Thereupon, Mr. Newman, the Assistant United States Attorney stated, "Mr. Salyers and Mr. Fauver of the Office of the Solicitor, United States Department of Labor, who will be trying this case." Then Mr. Newman stated, "I do not think that Mr. Wolff (counsel for defendants) has any objection to these two gentlemen assisting in this trial."

Mr. Wolff replied, "I do not have any objection if they have a right to try criminal cases under the statute appertaining. I think it is a question of statutory procedure." The Court then said without more, "Let us proceed."

Thereafter, the trial proceeded with Messrs. Salyers and Fauver actually conducting the trial to the extent that they questioned witnesses, cross-examined witnesses for the defense, and in all respects did the things that trial counsel would ordinarily do in trying a case. The case was tried to the Court without a jury. Mr. Newman, the Assistant United States Attorney, was absent from the courtroom most of the time engaged in supervising another trial. However, he did return to the courtroom at least once. Miss Edith House, the United States Attorney for the District, and Mr. Newman were available to, and did, consult with Messrs. Salyers and Fauver with respect to certain features of the conduct of the trial.

Appellant contends that the laws of the United States as codified in § 507(a)(1), 28 U.S.C.A., and § 310 of 5 U.S.C.A., prohibit anyone other than a duly appointed United States Attorney for the District or any counsel specifically appointed by the Attorney General for that purpose to conduct a trial in the manner in which these attorneys from the Office of the Solicitor of the Department of Labor acted in the trial here.

Section 310 of Title 5 provides that the Attorney General or any officer of the Department of Justice "or any attorney or counselor specially appointed by the Attorney General under any provision of law, may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, * * * which district attorneys may be by law authorized to conduct, * * *." Section 507 of 28 U.S.C.A. provides that "[e]xcept as otherwise provided by law, it shall be the duty of each United States attorney, within his district, to: (1) Prosecute for all offenses against the United States; * * *"

The question here, therefore, is whether the conduct of the Assistant United States Attorney and the two lawyers for the Department of Labor constituted a violation of these provisions of the federal statutes and, if so, whether they were or could be waived and, if not, whether the conduct was jurisdictional in the sense that the trial court lost jurisdiction over the case.

None of the cases cited by appellants present the situation where, as here, the prosecution was initiated by a duly authorized Assistant United States Attorney. Here all pleadings and preliminary motions were handled by the Assistant United States Attorney and the case went

* Of the Tenth Circuit, sitting by designation.

to trial under the auspices of the United States Attorney's office, at which time the Assistant in charge of the case introduced the lawyers who did not meet the specifications of the statute and invited objection from counsel for the defendants, if any they had, to these lawyers "assisting in this trial." This "assistance" actually amounted to substantially a complete conduct of the trial thereafter subject only to out-of-court consultations with the United States Attorney's office. In response to appellants' attack on this procedure by motion for a new trial and motion for a judgment notwithstanding the verdict, the United States Attorney filed her affidavit by which it was stated that her office, including herself and Mr. Newman, retained constant supervision over the trial and were in consultation during the trial with the two visiting lawyers.

In view of the failure of defense counsel to make a specific objection to this proceeding, as a result of which appellant permitted the Government to proceed during a two-day trial without specific objection, and in the absence of any authoritative decision which holds on facts similar to those before us that the trial court lost jurisdiction, we are impelled to consider that these provisions of the federal statute should properly be construed as to permit the conduct of a trial once the prosecution is properly commenced by the Assistant United States Attorney who may explain to the Court that he stands responsible for the conduct of the trial, even though not present in the courtroom, by other Government counsel.

In the case of United States v. Denton, 6th Cir., 307 F.2d 336, the Court of Appeals there held that these provisions of the statutes are for the benefit of the Government. That decision cites United States v. Crosthwaite, 168 U.S. 375, 18 S.Ct. 107, 42 L.Ed. 507, where it was stated that the manifest object of these statutory provisions was for the protection of the Government in order to prevent persons otherwise engaged in performing these prosecuting services from having a claim against the United States for compensation.

While we do not construe the language of either the Crosthwaite case or the Denton case as holding that attorneys for the Department of Labor would have the power to appear before a Grand Jury to seek an indictment and to pursue the prosecution to a conclusion without the intervention of a duly authorized United States Attorney or to file an information for the purpose of starting a prosecution and then continue throughout the prosecution without such intervention, we think they are enlightening to the extent that they indicate that a defendant may waive the strict requirements of the statute if they are not fully complied with.

In sum, we are not prepared to hold that the statute was not complied with in this case; if there was a failure fully to comply with it we then hold that there was not a proper objection and the failure of strict compliance was waived. We conclude, therefore, that the trial court had jurisdiction to proceed to judgment as it did.

Another ground of error asserted here is the overruling by the trial court of an objection to the receipt in evidence of a stipulation signed prior to the period covered by the information to the effect that the appellant Morton would thereafter comply with the wage and hour provisions and the record keeping provisions of the Act. The Government tendered this stipulation for the express purpose of showing Morton's knowledge of the provisions of the statute and as evidence of his wilfulness in the violations charged in the present prosecution. We think that the receipt of this evidence was proper for the purpose stated. Darby v. United States, 5 Cir., 132 F.2d 928, 930.

There was no error in the refusal of the trial court to compel the Government witness *put on the stand by the defendants* to produce a report he had

previously made. This is not required under the Jencks Act.

There was ample evidence to support the conviction of all defendants.

The judgments are affirmed.