**UNITED STATES of America,
Plaintiff,**

v.

**William Robert WRIGLEY,
Defendant.**

**No. 74 CR 448–W–1.**

United States District Court,
W. D. Missouri, W. D.

Feb. 5, 1975.

Bert C. Hurn, U. S. Atty., Philip J. Adams, Jr., Sp. Atty., Dept. of Justice, Kansas City, Mo., for plaintiff.

David R. Freeman, Federal Public Defender, Kansas City, Mo., R. Thomas Day, Asst. Federal Public Defender, for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Defendant, represented by an Assistant Federal Public Defender, filed a motion for discovery on January 9, 1975 for the purpose of resolving the following issues stated in the suggestions filed in support of that motion:

1. Did Mr. Cornwell or some other special attorney present or take part in presenting the above-styled case to the Grand Jury?

2. If Mr. Cornwell or some other special attorney did present or take part in presenting the above-styled case to the Grand Jury, was a proper appointment pursuant to 28 U.S.C. § 515(a) given to the special attorney(s) involved so as to enable that special attorney(s) to present the above-styled case to the Grand Jury?

The government filed suggestions in opposition to defendant's motion on January 14, 1975, in which it generally reiterated arguments heretofore presented to and considered by this Court in United States v. Williams, No. 74 CR 47–W–1, D.C., 65 F.R.D. 422. The government's suggestions concede that "Special Attorneys Philip J. Adams, Jr. and Gary T. Cornwell . . . were present while the Grand Jury was in session in the above-captioned cases" (P. 6 of government's brief). The government attached to its suggestions in opposition as Exhibit 1 a letter dated August 2, 1974 from Acting Assistant Attorney General John C. Keeney to Mr. Cornwell, and attached as Exhibit 2 a letter dated June 25, 1973 from Assistant Attorney General Henry E. Petersen to Mr. Adams. Both those letters, written in substantially the same form, stated the following: [We quote Assistant Attorney General Petersen's letter of June 25, 1973 to Mr. Adams]

The Department is informed that there have occurred and are occurring in the Western District of Missouri and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unknown to the Department at this time.

As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid districts and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include in addition to the aforesaid cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

The government contends that the "resolution of the two issues presented by the defense has been met by the attached copies of letters of appointment and oaths" [Ibid, p. 12] to support its argument that "from the exhibits attached hereto it is apparent that the attorneys for the United States were and are duly appointed and qualified to act on behalf of the United States" [Ibid, p. 11].

In regard to the first issue presented by defendant's motion, the government apparently concedes that Mr. Adams and Mr. Cornwell did in fact appear before the grand jury which returned the indict-

ment in this case. It is also apparently conceded that neither Mr. Adams nor Mr. Cornwell are regularly appointed Assistant United States Attorneys for the Western District of Missouri and that their sole authority to represent the United States must necessarily be based upon the validity of their appointment as Special Attorneys. Our order directing further proceedings will make certain that the factual circumstances concerning Mr. Adams' and Mr. Cornwell's status are correct.

We believe it obvious that further proceedings must be directed in order to establish a full and accurate factual basis for the determination of the second issue presented by defendant's motion for discovery. For the question presented is whether Mr. Adams and Mr. Cornwell were properly appointed pursuant to and under the authority vested in the Attorney General by § 515(a), Title 28, United States Code, and whether they may properly be considered as authorized "attorneys for the government," within the meaning of Rule 6(d) of the Rules of Criminal Procedure, who are entitled to be present while the grand jury is in session.

The government's contention that Mr. Adams and Mr. Cornwell had "facially valid letters of appointment" [government's brief pp. 6–7] must be determined in accordance with the language of § 515(a) and the legislative history of that legislation passed by the Act of June 30, 1906. Section 515(a) authorizes the Attorney General "or any other officer of the Department of Justice specially appointed by the Attorney General under law" to conduct grand jury proceedings "when specifically directed by the Attorney General" to do so.

The Report of the House Judiciary Committee of April 4, 1906 entitled "Commencement and Conduct of Legal Proceedings Under Direction of the Attorney-General," Report No. 2901, 59th Cong., 1st Sess., states that what is now § 515(a) was enacted in light of the Circuit Court decision of United States v. Rosenthal (Cir.Ct.S.D.N.Y.1903), 121

F. 862. After quoting portions of that opinion, the Report stated the following:

This decision [referring specifically to United States v. Rosenthal] makes the proposed legislation necessary if the Government is to have the benefit of the knowledge and learning of its Attorney-General and his assistants, or of such special counsel as the Attorney-General may deem necessary to employ to assist *in the prosecution of a special case,* either civil or criminal. As the law now stands, only the district attorney has any authority to appear before a grand jury, no matter how important *the case* may be and no matter how necessary it may be to the interests of the Government to have the assistance of one who is specially or particularly qualified by reason of his peculiar knowledge and skill to properly present to the grand jury the questions being considered by it.

The Attorney-General states that it is necessary, in the due and proper administration of the law, that he shall be permitted to employ special counsel to assist the district attorney in cases which district attorneys or lawyers do not generally possess, *and in cases of usual importance to the Government,* and that such counsel be permitted to possess all of the power and authority, *in that particular case,* granted to the district attorney, which, of course, includes his right to appear before a grand jury either with the district attorney or alone. . . . There can be no doubt of the advisability of permitting the Attorney-General to employ *special counsel in special cases,* and there can be no question that if he has been employed because of his special fitness *for such a special case* that the Government should have the full advantage of his learning and skill in every step necessary to be taken before the trial, including that of appearing before grand juries. [Emphasis ours]

The form letter of appointment in current use by the Department of Justice must, in our judgment, be read in light

of the express language of § 515(a) which requires that persons appointed by the Attorney General must not only be "specially appointed" by him must also be "specifically directed" by him. The purpose of that language is illuminated by the Report of the House Judiciary Committee. That Report emphasized that the Congress intended by its enactment of what is now § 515(a) to vest power in the Attorney General to "specially appoint" counsel "to assist in the prosecution of a special case" so that one "who is specially or particularly qualified by his peculiar knowledge and skill" be vested with appropriate power and authority in a "particular case" to represent the government. The Congress emphasized the necessity of employment of "special counsel in special cases" so that the government would be able to have "the full advantage of his learning and skill in every step necessary to be taken before the trial, including that of appearing before grand juries."

█ In order to determine whether the Attorney General has properly exercised the power vested by § 515(a), assuming for the moment that the power may be delegated, it is necessary that the form letter apparently used throughout the United States by the Department of Justice be carefully examined.[1]

The first sentence of the form letter recites that the "Department is informed that there have occurred and are occurring in the Western District of Missouri and other judicial districts of the United States, violations of the federal criminal statutes by persons whose identities are unknown to the department at this time." That sentence does not state with any particularity what alleged violations the Department was informed may have occurred in the past or any violations which were presently occurring with any

particularity. That sentence does not even identify what violations were being committed by the unknown persons which were of importance to the government. Nor does that first sentence suggest that there was any need to appoint a person of "special fitness" to represent the government in any "particular" or "special" case.

The second sentence simply recites that the individual to whom it was addressed was "specially retained and appointed as a Special Attorney under the authority of the Department of Justice *to assist in the trial of the aforesaid cases* in the aforesaid district and other judicial districts of the United States in which the government is interested." The "authority of the Department of Justice" to appoint a "Special Attorney" is not identified nor is there any suggestion as to *what* the "aforesaid cases" language is supposed to refer. The first sentence speaks of "violations" by unknown persons. The second sentence speaks of "aforesaid cases;" a totally meaningless reference. Yet the purported authority is limited to the rendition of assistance "in the trial of the aforesaid cases."

The second sentence of the letter, which limited the appointee's power "to assist in the *trial* of the aforesaid cases" apparently was taken from some earlier form letter based on Section 363 of the Act of June 22, 1870. See United States v. Crosthwaite, 168 U.S. 375 at 378, 18 S.Ct. 107, 42 L.Ed. 507 (1897). That section, and another section of the same Act of June 22, 1870 which vested power in the Attorney General to send the Solicitor General "or any officer of the Department of Justice . . . to any state or district in the United States to attend to the interests of the United States in any suit pending in any of the

---

1. In United States of America v. Agrusa, 392 F.Supp. 3, handed down simultaneously with this opinion, we parenthetically noted a slight addition in Mr. Cornwell's most recent 1974 letter of appointment as compared with the form of Mr. Adams and Mr. Zleit's 1973 letters of appointment. Letters in use in 1971 are quoted in United States v. Williams, 74 CR 47–W–1, D.C., 65 F.R.D. 422 (1974). See also footnote 10 of that opinion for a new form written after the question of the right of Special Attorneys to appear before Western District of Missouri grand juries was raised in that case.

courts of the United States . . . or to attend to any other interest of the United States," were carefully considered in United States v. Rosenthal.

By its enactment of the Act of June 30, 1906, the Congress accepted the construction placed upon the Act of June 22, 1870 by United States v. Rosenthal and concluded that additional power and authority was necessary than that provided in the 1870 legislation. See United States v. Virginia-Carolina Chemical Co. (C.C.M.D.Tenn.1908), 163 F. 66 at 74–75. It is apparent the inclusion of that sentence in the form letter in current use the Department of Justice cannot be said to confer authority to appear before grand juries, as authorized only by § 515(a), because the second sentence expressly limited the authority of the Special Attorney "to assist in the trial of the aforesaid [but unidentified] cases."

The third sentence of the letter commences with a recitation that "*In that connection* you are specially authorized and directed" to do certain things. The "*in that* connection" language presents the obvious question of *what* connection the author of the form letter is talking about. The immediately preceding sentence talks about rendering assistance *in the trial* of some group of unidentified cases. The first sentence speaks only of federal statutory violations "by persons whose identities are unknown." The most that can be said about the connection is that it is a loose one at best.

The remainder of the third sentence tracks generally with the language of § 515(a) and is based upon the implicit assumption that a Special Attorney may be simultaneously "specially appointed" and "specifically directed" in the same form letter to perform all duties which a United States Attorney is authorized to conduct, including grand jury proceedings, not only "in the aforesaid district," identified as the Western District of Missouri, but also "in other judicial districts of the United States." Efforts to so expand the authority conferred by Section 515(a) have been ruled invalid

since the 1928 decision of United States v. Huston (N.D.Ohio 1928), 28 F.2d 451.

In light of the vague and peculiar language of the form letter of appointment in current use by the Department of Justice, we do not believe that the second issue posed by the defendant's motion for discovery should be ruled without affording the government an opportunity of making a showing that Mr. Adams and Mr. Cornwell were in fact and in law properly "specially appointed" and were in fact and in law "specifically directed by the Attorney General" to represent the United States in the above entitled cause.

We believe it should be apparent that one factual situation would be presented if it is either conceded or established that Mr. Adams' and Mr. Cornwell's sole authority to represent the United States is contained in their form letters of appointment and that an entirely different factual situation would be presented if Mr. Adams and Mr. Cornwell, in addition to being recipients of a form letter, were in fact "specifically directed" in some additional manner by the Attorney General or by someone authorized by law to exercise the discretion vested in the Attorney General by § 515(a). The question presented cannot be avoided even if it be assumed that the Attorney General is legally vested with power to delegate the authority conferred by § 515(a).

For the reasons stated, it is apparent that additional factual data is necessary for the determination of the two issues presented by defendant's motion for discovery. Accordingly, it is

Ordered (1) that within ten (10) days the government shall prepare, serve, and file an appropriate statement in which it shall state in separately numbered paragraphs the following:

(a) Whether Mr. Adams and Mr. Cornwell did in fact appear and take part in presenting the above entitled case to the grand jury;

(b) Whether the government wishes to have defendant's amended mo-

tion to dismiss ruled on the factual basis that the form letters of appointment attached to their suggestions in opposition accurately reflect the full and complete factual circumstances under which Mr. Adams and Mr. Cornwell were "specially appointed" and "specifically directed" by the Attorney General to conduct proceedings in connection with the above entitled cause in the Western District of Missouri;

(c) Whether the government is of the view that additional factual data should be before the Court before it rules the issues presented by defendant's pending motion; and

(d) In the event the government believes additional factual data should be before the Court, the government shall (i) state with particularity the factual data which it believes should be considered by this Court; and (ii) whether it will produce such factual data in order that the Court may consider the same under the circumstances.

See also, D.C., 392 F.Supp. 3.

Bert C. Hurn, U. S. Atty., Philip J. Adams, Jr., Sp. Atty., Dept. of Justice, Kansas City, Mo., for plaintiff.

David R. Freeman, Federal Public Defender, Kansas City, Mo., R. Thomas Day, Asst. Federal Public Defender, for defendant.