**UNITED STATES of America, Plaintiff,**

v.

**Salvatore Ross AGRUSA, Defendant.**

**No. 74 CR 269-W-1.**

United States District Court, W. D. Missouri, W. D.

Feb. 6, 1975.

Supplemental Opinion Feb. 25, 1975.

See also, D.C., 392 F.Supp. 9.

Bert C. Hurn, U. S. Atty., Philip J. Adams, Jr., Sp. Atty., Dept. of Justice, Kansas City, Mo., for plaintiff.

Sloan R. Wilson, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on defendant's first amended motion to dismiss. The government's suggestions in opposition to that motion were filed January 13, 1975. Although numerous other motions pend in the case, it is appropriate that further proceedings be directed in connection with defendant's first amended motion to dismiss. The defendant's first amended motion to dismiss is based primarily upon principles stated by this Court in United States v. Williams, D.C., 65 F.R.D. 422. The questions presented by the defendant are summarized on page 3 of his motion and suggestions which state the following:

The defendant, therefore, bases this portion of his motion to dismiss on the following grounds: (1) That the Attorney General of the United States did not appoint the said attorneys to their present position, as required by law; (2) That the Attorney General could not lawfully delegate the power conferred upon him by 28 U.S. C. § 515(a); (3) That the Attorney General of the United States has not in fact lawfully made the delegation for the appointment of the said attorneys to their present positions; (4) That the attorneys in question have never been "specially appointed" within the meaning of the statute; and (5) That the attorneys in ques-

tion have not in fact been "specially directed" to conduct proceedings in the Western District of Missouri against this defendant within the intended scope and authority of the statute.

The government's suggestions in response, except for the participation of William E. Zleit as a Special Attorney in addition to Mr. Adams and Mr. Cornwell, are for all practical purposes a copy of the lengthy suggestions recently filed in United States v. Wrigley, D.C., 392 F.Supp. 9. Mr. Zleit's form letter of appointment is attached as Exhibit C to the government's suggestions. That letter dated January 2, 1973, was signed by Assistant Attorney General Henry E. Petersen. It used exactly the same form and contained exactly the same language as the letter addressed to Mr. Adams, which we quoted in our memorandum and opinion handed down today in United States v. Wrigley, *supra*.

It should be parenthetically stated that there is a slight, but irrelevant, variance in the first sentence of Mr. Cornwell's most recent letter of appointment [he has been given a new letter since questions concerning letters of appointment were first raised in United States v. Williams, *supra*.] The first sentence of the letters written both for Mr. Adams and Mr. Zleit in the year 1973 stated that the Department was informed of federal violations that have occurred and are occurring in the Western District of Missouri "by persons whose identities are unknown to the Department at this time." Mr. Cornwell's most recent letter, dated August 2, 1974, and signed by Acting Assistant Attorney General John C. Keeney, changed the 1973 language to read that the violations were "by persons *both known* and unknown to the Department at this time." The additional group of "known" persons, of course, were not named in Mr. Cornwell's letter, nor, so far as the record now stands, has the Department's information concerning "known" persons as of August 7, 1974 ever been stated.

Although the defendant in this case presents more factual and legal questions than those presented in United States v. Wrigley, particular questions presented in this case are essentially the same as those presented in *Wrigley's* case. It is therefore appropriate to enter the same orders in this case as we entered in that case. We are hopeful that somehow or other we will be able to get the questions presented concerning the authority of Special Attorneys in appropriate posture for proper appellate review.

Accordingly, and for the reasons stated, it is

Ordered (1) that within ten (10) days the government shall prepare, serve, and file an appropriate statement in which it shall state in separately numbered paragraphs the following:

(a) Whether Mr. Adams, Mr. Cornwell and Mr. Zleit did in fact appear and take part in presenting the above entitled case to the grand jury;

(b) Whether the government wishes to have defendant's amended motion to dismiss ruled on the factual basis that the form letters of appointment attached to their suggestions in opposition accurately reflect the full and complete factual circumstances under which Mr. Adams, Mr. Cornwell and Mr. Zleit were "specially appointed" and "specifically directed" by the Attorney General to conduct proceedings in connection with the above entitled cause in the Western District of Missouri;

(c) Whether the government is of the view that additional factual data should be before the Court before it rules the issues presented by defendant's pending motion; and

(d) In the event the government believes additional factual data should be before the Court, the government shall (i) state with particularity the factual data which it believes should be con-

sidered by this Court; and (ii) whether it will produce such factual data in order that the Court may consider the same under the circumstances.

## SUPPLEMENTAL MEMORANDUM AND ORDERS DISMISSING INDICTMENTS

### I.

The above case pends on defendant's first amended motion to dismiss the indictment. That motion presents the ultimate question of whether the Special Attorneys who appeared before the grand jury which returned the indictment were properly authorized to so appear, as required by Rule 6(d) of the Rules of Criminal Procedure. The determination of that question turns on whether the letters of appointment signed by Assistant Attorney General Petersen comply with the express requirements of Section 515(a), Title 28, United States Code. The letters of appointment for both Special Attorneys who appeared before the grand jury are identical, and they state:

Mr. Philip J. Adams, Jr.
Criminal Division
Department of Justice
Washington, D. C.

June 25, 1973

Dear Mr. Adams:

The Department is informed that there have occurred and are occurring in the Western District of Missouri and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unkown to the Department at this time.

As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include, in addition to the aforesaid cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

You are to serve without compensation other than the compensation you are now receiving under existing appointment.

Please execute the required oath of office and forward a duplicate thereof to the Criminal Division.

Sincerely,

/S/ Henry E. Petersen

HENRY E. PETERSEN [1]
Assistant Attorney General

---

1. On the facts, we need consider only the authority of Special Attorneys Adams and Zleit to appear before a Western District of Missouri grand jury. Both Special At-

For reasons to be stated, we find and conclude that the defendant's first amended motion to dismiss must be granted.

## II.

Unlike United States v. Williams (W.D.Mo.1974), 65 F.R.D. 422 (appeal dismissed on February 10, 1975 on government's motion based on refusal of Solicitor General to authorize appeal by the government in Court of Appeals No. 75–1034), the relevant factual circumstances in this case have been firmly established. In *Williams*, efforts to ascertain whether the Special Attorneys there involved had in fact and within the meaning of Section 515(a) been "specifically directed by the Attorney General" by something in addition to the receipt of a form letter of appointment were aborted when the government elected to "suffer dismissal" rather than comply with discovery orders entered by this Court.

In the pending case the relevant factual circumstances were established as a result of an order entered February 5, 1975 which:

Ordered (1) that within ten (10) days the government shall prepare, serve, and file an appropriate statement in which it shall state in separately numbered paragraphs the following:

(a) Whether Mr. Adams, Mr. Cornwell and Mr. Zleit did in fact appear and take part in presenting the above entitled case to the grand jury;

(b) Whether the government wishes to have defendant's amended motion

to dismiss ruled on the factual basis that the form letters of appointment attached to their suggestions in opposition accurately reflect the full and complete factual circumstances under which Mr. Adams, Mr. Cornwell and Mr. Zleit were "specially appointed" and "specifically directed" by the Attorney General to conduct proceedings in connection with the above entitled cause in the Western District of Missouri;

(c) Whether the government is of the view that additional factual data should be before the Court before it rules the issues presented by defendant's pending motion; and

(d) In the event the government believes additional factual data should be before the Court, the government shall (i) state with particularity the factual data which it believes should be considered by this Court; and (ii) whether it will produce such factual data in order that the Court may consider the same under the circumstances.

The government's response filed February 14, 1975 stated in substance that (a) the named Special Attorneys involved in this case did in fact appear before and take part in presenting the case to the grand jury involved; (b) expressed the desire that the questions presented be ruled on the factual basis that the only evidence which the government wished to have before the Court was the form letters of appointment and the oaths of the Special Attorneys involved; and (c) stated the government's contention that no additional factual data is required for the Court's determination of the questions presented.

torneys Adams and Zleit appeared before the grand jury that returned the indictment in this case. Their letters of appointment, dated June 25, 1973 and January 2, 1973, respectively, were both signed by Assistant Attorney General Henry E. Petersen. We had occasion to consider Mr. Adams' letter in our memorandum opinion of February 5, 1975 in United States v. Wrigley, No. 74 CR 448–W–1 (W.D.Mo.), 392 F.Supp. 9. What we said in that case with regard to

Mr. Adams' form letter of appointment applies with equal force to the present case. Furthermore, the blanket form letter of appointment, except for the primary designation of judicial district, is identical to the letter of appointment involved in United States v. Crispino, No. 74 CR 932 (HFW) (S.D.N.Y.1975), 392 F.Supp. 764, in which Judge Henry F. Werker dismissed the indictment on account of the government's failure to comply with Section 515(a).

The motion to dismiss may therefore be ruled on an undisputed factual basis and upon the express statement of the government's position that it neither wishes nor believes that it need establish compliance with Section 515(a) by anything other than production of the form letters of appointment and the oaths of the Special Attorneys involved.

### III.

We have fully reviewed the applicable law as stated in United States v. Williams, *supra*, particularly in our memoranda opinions of October 21, 1974, November 15, 1974, and December 3, 1974, and in the memorandum opinions filed in this case and in United States v. Wrigley, No. 74–CR–448–W–1, on February 5, 1975, 392 F.Supp. 9. In order to avoid unnecessary repetition, we expressly incorporate by this reference all of those memoranda opinions as a part of this memorandum opinion so that in the event of further appellate proceedings, all appellate courts will be accurately advised of this Court's view of the applicable law.[2]

Pursuant to the rationale of the views we have heretofore expressed, we find and conclude that Mr. Adams' and Mr. Zleit's form letters of appointment from Assistant Attorney General Henry E. Petersen do not comply with the requirements of Section 515(a) in that such letters do not show, nor is there any other evidence before the Court to establish, that Mr. Adams or Mr. Zleit were in fact "specifically directed by the Attorney General" to appear before any

Western District of Missouri grand jury within the meaning of that statute.[3] Therefore, Mr. Adams' and Mr. Zleit's unauthorized appearance before the grand jury involved in this case requires that the indictment be dismissed.

We believe it appropriate to add that, for reasons which are not clear, the government was apparently more willing to furnish Judge Werker in connection with his consideration of Section 515(a) letters of appointment in United States v. Crispino, (No. 74 CR 932 (HFW), 1975), 392 F.Supp. 764 a great deal more information than it was willing to furnish this Court during the pendency of *Williams*. See page 779 and footnote 37 of *Crispino*. The information furnished in *Crispino* suggests that sometime in 1972 some unidentified (and apparently unknown) official in the Department of Justice, as a result of an internal Department of Justice memorandum dated May 18, 1972, from Mr. Joseph Cella of the Criminal Division to Mr. Harold Koffsky, Chief of the Legislative and Special Projects Section of the Criminal Division, decided to change the form of Section 515(a) letters of appointment from that given Mr. DeFeo in *Williams* to the blanket form issued Mr. Padgett in *Crispino* and Special Attorneys Adams and Zleit in the case which pends in this Court. We indicate our agreement with what Judge Werker said about the blanket form letters now in current use:

The commission letter issued to Mr. Padgett is a bold assertion of authori-

2. The issues presented in this case and those presented in *Williams*, although related, are not the same. The government, however, relied upon the same cases to sustain its position in both cases. Our analysis and discussion of the cases relied upon in *Williams* is therefore relevant in the pending case and may, for convenience sake, be incorporated by reference rather than repeated.

3. In Part III of our November 15, 1974 memorandum opinion in *Williams*, we assumed for purposes of discussion that principles stated in United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), are not applicable to Section 515 (a). As is apparent from Part VIII of

that opinion, we did so in recognition of the controlling authority of May v. United States (8th Cir. 1916), 236 F. 495, even though that case was decided on the basis that there was an absence of proof that the Assistant Attorney General had not acted expressly for the Attorney General.

We assume in this case that proper delegation is possible under Section 515(a) and determine only that the assumed delegated power was not properly exercised. We believe that principles stated in *Giordano* may have a substantial impact upon what our controlling Court stated in *May* but we need not and therefore do not reach that question in this case.

ty by the Attorney General to appoint special attorneys in any case regardless of its importance and regardless of whether any particular skill or knowledge is required. If upheld it would allow these special attorneys to supersede the local United States Attorneys and their regular assistants, whose statutory duty for the last 186 years has been to prosecute all offenses against the United States in their districts, in any cases involving a violation of a "federal criminal statute." Congress never intended to give such a broad authority when it passed the Act of 1906 even if the statute be for the "protection of the United States," and no case construing that statute supports such a proposition.[4]

Both Judge Werker in *Crispino* and Judge Gordon in United States v. Brodson and Halmo (E.D.Wis., 1975) 390 F. Supp. 774 properly noted that this Court in *Williams* was not required and therefore did not reach the ultimate question of whether the earlier form letters of appointment established compliance with Section 515(a). The case now before

us does not involve the complicating circumstances which were involved in *Williams*. It is clear that in the present case the government is content to rely solely upon what is stated in the current blanket form of letters of appointment to establish that the particular Special Attorneys involved were in fact "specifically directed by the Attorney General" to appear before a particular grand jury in the Western District of Missouri.

Our various orders in *Williams* were designed in part to afford the government an opportunity to show that something *more* had been done than simply the signing and delivering of a blanket form letter of appointment. The government's clear statement of its position in this case has avoided the complications presented in *Williams*. For it is clear that the government believes and contends in this case that it needs less, not more, than that which was contained in the earlier form letter involved in *Williams*, which, at least, contained a list of statutes rather than purport to give a roving commission to a Special Attorney to operate in every judicial district in the United States.[5]

---

4. Judge Werker properly concluded in *Crispino*, 392 F.Supp. p. 781, that "the intent of Congress cannot be changed by the unilateral act of the Attorney General" and that "recent events have shown that abuse results when that rule is not observed."

   In footnote 40 p. 781 of *Crispino*, particular attention was directed to Senate Bill, S.1519, 79th Cong., 1st Sess. (1945), which reflected an unsuccessful attempt to eliminate the "specifically directed by the Attorney General" requirement of what is now Section 515(a). We agree with *Crispino's* conclusion, p. 779, that the practice and construction given the Congressional intent of Section 515(a) by Attorney Generals for at least fifty years can not properly be overlooked.

5. We note Judge Werker's disagreement in *Crispino* with the clear intimation in *Williams* that the citation of a number of statutes in Mr. DeFeo's letter did not, standing alone, constitute a sufficiently specific direction by the Attorney General, within the meaning of Section 515(a). We agree that a closer question may have been presented under the old form of letter illustrated by the DeFeo letter involved in *Williams*, but we cannot escape the rationale of cases

like United States v. Goldman (D.Conn. 1928), 28 F.2d 424, which establish that unless there be a more adequate specific direction than the mere citation of a particular statute, it would be within the power of any Attorney General to "issue a roving commission without any limitations, extending to every district in the United States [to] embrace all criminal investigations," by the simple expedient of incorporating by reference all criminal statutes which appear in the United States Code. We do not believe that Congress ever intended to vest such power in any Attorney General by its passage of the Act of June 30, 1906. Indeed, as noted in footnote 4, above, a bill which would have vested such power in the Attorney General in 1945 was not even sent to committee.

So far as this judicial district is concerned, we believe that all Special Attorneys operating in this district now claim authority under blanket forms of appointment similar to those filed in this case. It is therefore doubtful whether this Court will ever have to reach the questions presented, for example, by Mr. DeFeo's earlier letter of appointment. For any notion that the new blanket form letters of appointment do not supersede the

In regard to the current blanket form letter of appointment we believe Judge Werker was eminently correct when he stated:

> [The Attorney General] had no authority to issue a broad roving commission such as the one given to Mr. Padgett with its complete lack of any *specific* direction.
>
> It is of little consequence that the indictment presented by Mr. Padgett to the grand jury concerned an "organized crime" case, for no mention of "organized crime" cases was made in his commission. It is the assertion of authority by the Attorney General in issuing the broad and sweeping commission that cannot stand. [p. ——]

The cases we have heretofore cited in the earlier opinions incorporated herein by reference and the cases cited on page 781 of 392 F.Supp. in *Crispino* require the dismissal of the indictment in this case because of the unauthorized appearance of Mr. Adams and Mr. Zleit before the grand jury involved.

For the reasons stated, it is

Ordered that the indictment in United States v. Agrusa should be and the same is hereby dismissed.

See also, D.C., 392 F.Supp. 3; 392 F.Supp. 14.

earlier form letters must be based upon the implicit untenable assumption that the earli-

er form letters of appointment carried some sort of permanent tenure.