**UNITED STATES of America,**
**Plaintiff,**

v.

**Tracy Coy POE, a/k/a Pody or**
**Podie, et al., Defendants.**

**Crim. No. 75–92.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

April 18, 1975.

Kurt P. Schulke, Sp. Prosecutor, Kansas City, Mo., Floy Dawson, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

James Patrick Quinn, Kansas City, Mo., Mac Oyler and Jack Love, Oklahoma City, Okl., for Poe.

Robert A. Jackson, Oklahoma City, Okl., for Brice.

Ralph G. Thompson, Oklahoma City, Okl., for Pearce.

William A. Robinson, Oklahoma City, Okl., for Parton.

Mac Oyler, Oklahoma City, Okl., for Strother.

◆

ORDER

DAUGHERTY, Chief Judge.

All Defendants in this action have filed two Combined Motions which are interrelated and which are supported by a Brief. The Plaintiff has filed a Response to said Motions. The Court makes the following findings in respect to the Combined Motions by all Defendants.

1. DEFENDANTS (sic) MOTION FOR PRODUCTION.

In said Motion, Defendants request production of the following items: (1) Letter appointing Kurt P. Schulke as special attorney in this District; (2) The Oath of Office as to said appointment; (3) The names of all attorneys appearing before the Grand Jury while matters were presented relative to the instant case; (4) Letters of appointment for all such attorneys named in the preceding request; (5) The Oaths of Office of said attorneys; (6) The record of Grand Jury proceedings relating to this case; (7) All documents issued by the Attorney General relating to the appointment of special attorneys pursuant to 28 C.F.R. § 0.180; (8) All internal documents of the Justice Department directing the prosecution of the instant case; and (9) The minutes of the Grand Jury as related to this case.

The Plaintiff in its Response states that items (1) and (2) are on file with the Clerk of this Court under Misc. Docket No. 24. In answer to (3), the Plaintiff states that the only attorneys present for the Government before the Grand Jury when the instant case was presented were Kurt P. Schulke and O. B. Johnston, III, an Assistant United States Attorney for this District. No Response is thus required for items (4) and (5). The Grand Jury testimony was not recorded and thus item (6) cannot be produced and this request is denied. There is no requirement for such. *United States v. Cooper,* 464 F.2d 648 (Tenth Cir. 1972). Plaintiff in its Response states Defendants have not met the reasonableness and materiality requirements of Rule 16(b), Federal Rules of Criminal Procedure as to the items requested in requests number (7) and (8). The Court finds that the Defendants have failed to show that the items in requests (7) and (8) are material to the preparation of a defense to the instant action pursuant to Rule 16(b), *supra,* and further that the items in request number (8) relating to internal Governmental documents in connection with the prosecution of this case are specifically not discoverable under Rule 16(b), *supra. United States v. Long,* 468 F.2d 755 (Eighth Cir. 1972). Therefore the requests for items (7)

and (8) are denied. The Plaintiff has failed to respond to the request to examine the Grand Jury Minutes. Same are kept by the Clerk of this Court. The Court hereby authorizes the Defendants or their attorneys to examine the Grand Jury Minutes as they relate to the instant case and this Order shall constitute the authority for such examination.

Accordingly, all items requested in Defendants' Motion for Production have been provided in the Plaintiff's Response, are on file with the Clerk of this Court, or the request for such items having been denied by the Court, it is not necessary for the Court to set a time and place for production pursuant to Rule 16(d), Federal Rules of Criminal Procedure.

## 2. MOTION TO DISMISS INDICTMENT.

This Combined Motion is made on the ground that Kurt P. Schulke, Special Attorney, Department of Justice, appeared before the Grand Jury which handed down the Indictment in the instant case and that he is not an attorney for the Government authorized to be present before the Grand Jury pursuant to Rule 6(d), Federal Rules of Criminal Procedure. The Defendants' Brief is supported by four recent opinions attached thereto. Three were rendered by one Judge in the Western District of Missouri and one by a Judge in the Southern District of New York. The Defendants' brief fails to state what points it relies upon in any of the four opinions, one of which exceeds 40 pages in length. Giving Defendants the benefit of the doubt, this Court determines that the points they attempt to raise in the instant Motion can be stated simply as follows:

(1) Whether the appointment of Kurt P. Schulke as a Special Attorney for the Western District of Oklahoma is valid pursuant to 28 U.S.C. § 515?

(2) Whether the Indictment in the instant case should be dismissed if such appointment is found to be invalid pursuant to Rule 6(d), *supra?*

The Plaintiff in its Response urges that the appointment of Kurt P. Schulke as a special attorney is valid. It states that same was filed with the Clerk of this Court on September 9, 1974 and the Oath of Office executed and filed on said date. It submits by attachment to its Response two recent opinions which are directly contrary to those relied upon by Defendants.

28 U.S.C. § 515 provides:

"(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specially directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

(b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The Attorney General shall fix the annual salary of a special assistant or special attorney at not more than $12,000."

The letter of appointment filed with the Clerk of this Court is appended hereto as Exhibit "A".

Two of the cases submitted by Defendants are in point with the issues raised in the instant Motion. *United States v. Crispino*, 392 F.Supp. 764 (S.D.N.Y., 1975) and *United States v.*

*Agrusa,* 392 F.Supp. 3 (W.D.Mo., 1975). (The other two cases submitted serve to complement the *Agrusa* decision and are opinions by the same Judge on related matters.)

 The appointment letter involved in the *Crispino* case is worded identically to the one involved herein except for necessarily referring to another District. It was signed by Henry E. Petersen, Assistant Attorney General. The Court held that such an appointment could be delegated properly to the Assistant Attorney General. The Court held that *United States v. Giordano,* 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974) involving the delegation of authority in the wiretapping authorization statutes did not apply because 28 U.S.C. § 515 did not contain the specific statutory restriction upon which the *Giordano* decision was based. The Court in *Crispino* noted that 28 U.S.C. § 510 allows the Attorney General to delegate authority. In the instant case, the Court agrees with this portion of the *Crispino* opinion and finds that the Acting Assistant Attorney General had the authority to appoint Kurt P. Schulke as a Special Attorney for the Western District of Oklahoma.

 The holding of the Court in *Crispino* appears to have been based on the single proposition or finding by the Court that the appointment was not "sufficiently specific" to meet the statutory language. The Court held that the appointment failed to limit or specify the type of cases, such as "organized crime cases," "tax fraud cases," etc. The Court in the *Agrusa* decision seems to rely heavily on *Crispino* in reaching its decision.

The cases submitted by Plaintiff are *United States v. Brown,* 389 F.Supp. 959 (S.D.N.Y., 1975) and *In re: Grand Jury Proceedings, United States v. DiGirlomo,* 393 F.Supp. 997 (W.D.Mo., 1975). In *Brown,* the Court noted that the "Strike Force" which has been established by the Department of Justice for the purposes of combating organized crime is required to prosecute crimes of every nature and thus their appointments are not limited to a particular specialty, and by necessity the appointment was required to include authority to prosecute all types of criminal proceedings. The Court held that the "Strike Force" attorneys complement the United States Attorneys in the particular Districts. The Court respectfully disagreed with his colleague in the *Crispino* case and held that an appointment letter virtually identical to the one involved in the instant case constituted a valid appointment of a special attorney pursuant to 28 U.S.C. § 515. The *DiGirlomo* decision involved a civil contempt proceeding wherein a witness refused to testify before a Grand Jury in the Western District of Missouri on the contention that the Grand Jury proceedings were improper because attorneys from the Organized Crime and Racketeering Section were not authorized to be present before the Grand Jury. The witness asserted the appointments of such attorneys did not conform to 28 U.S.C. § 515. The letters of appointment considered by the Court were virtually identical to the one involved in this case. In the *DiGirlomo* case, the Court noted the case of *Hale v. United States,* 25 F.2d 430 (Eighth Cir. 1928) in which the validity of a general appointment as a special assistant to the Attorney General for the Western District of Oklahoma pursuant to a previous codification of 28 U.S.C. § 515(a) was upheld wherein said appointment included the conduct of "any kind of legal proceedings, civil or criminal, including grand jury proceedings." The Court in *DiGirlomo* specifically rejected the holding in *Crispino* on the basis that to require the "specificity" suggested therein would unduly hinder the enforcement of the criminal laws by reverting to technicalities. The Court ruled that the appointments in question were valid pursuant to 28 U.S.C. § 515 and that the special attorneys could properly appear be-

fore the Grand Jury in accordance with Rule 6(d), *supra*.

In the instant case, the Court is of the opinion that the decisions in *Brown, supra*, and *DiGirlomo, supra*, correctly state the law and will be adopted and followed by this Court over those cases cited by Defendants. In this regard, the interests of justice appear to be served by the activities of the special attorneys prosecuting or assisting in the prosecution of federal crimes of any nature. The interests of one accused of committing a federal offense are not unduly prejudiced by such prosecution being conducted or assisted by a special attorney as opposed to same being carried on by the United States Attorney. In *Wall v. United States*, 384 F.2d 758 (Tenth Cir. 1967) the Court stated in referring to the law now codified as 28 U.S.C. § 515 as follows:

> "The statute is for the protection and benefit of the government to prevent the assertion of unauthorized claims. We see no jurisdictional problem. The proceedings were initiated by, and the trial was under the control of, the United States Attorney."

In the instant case, an Assistant United States Attorney was present before the Grand Jury along with Special Attorney Schulke. All proceedings in this case have been conducted under the control of the United States Attorney.

This Court suggests that 28 U.S.C. § 515 can be dissected to read as follows:

> "The Attorney General . . . may, . . ., conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings . . . which United States attorneys are authorized by law to conduct . . ."

There would be no argument that the Attorney General could appear before the Grand Jury in this District or any District Court of the United States and conduct any kind of criminal proceeding. The appointment of the Special Attorney Schulke is pursuant to that portion of the statute omitted above following the words "Attorney General" which provide:

> ". . . or any attorney specially appointed by the Attorney General under the law, may, when specifically directed by the Attorney General . . ."

This latter portion provided that a Special Attorney is substituted as the representative of the Attorney General in conducting legal proceedings. The reference to "when specifically directed" could be interpreted as limiting geographic boundaries of such authority. The legislative history set out in *United States v. Crispino, supra*, although referring to special skills, also refers to cases of importance to the government. It is stated in this legislative history:

> "The purpose of this bill is to give to the Attorney-General, or to any officer in his Department or to any attorney specially employed by him, the same rights, powers, and authority which district attorneys now have or may hereafter have in presenting and conducting proceedings before a grand jury or committing magistrate."

The appointment of Special Attorney Schulke and others relate to cases of special importance to the government in the area known as "organized crime." There are no federal criminal statutes making "organized crime" a substantive offense and the only effective appointment for Special Attorneys to assist in combating "organized crime" would be such as is involved in the instant case, directing prosecutions for the violation of all federal criminal statutes.

This Court finds that the appointment of Kurt P. Schulke as a Special Attorney as same was filed with the Clerk of this Court on September 9, 1974 is proper and in accordance with 28 U.S.C. § 515. As such, Special Attorney Schulke's presence before the Grand Jury was proper and the combined Motion to Dismiss Indictment is overruled.

It is so ordered this 18th day of April, 1975.

See Appendix on next page.

APPENDIX

Exhibit A

ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

**Department of Justice**

**Washington 20530**

August 2, 1974

**FILED**

SEP 9 1974

REX B. HAWKS
CLERK, U. S. DISTRICT COURT
BY _____
DEPUTY

Misc # 24

Mr. Kurt P. Schulke
Criminal Division
Department of Justice
Washington, D. C.

Dear Mr. Schulke:

The Department is informed that there have occurred and are occurring in the Western District of Oklahoma and other judicial districts of the United States violations of federal criminal statutes by persons both known and unknown to the Department at this time.

As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include, in addition to the aforesaid cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

You are to serve without compensation other than the compensation you are now receiving under existing appointment.

Please execute the required oath of office and forward a duplicate thereof to the Criminal Division.

Sincerely,

JOHN C. KEENEY
Acting Assistant Attorney General

OATH OF OFFICE (Without Compensation)

*Misc # 24*

I,_____ Kurt P. Schulke _____, do solemnly swear that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office of Special Attorney on which I am about to enter in the Western District of Oklahoma, pursuant to the authorization of John C. Keeney, Acting Assistant Attorney General, Criminal Division, Department of Justice,

dated_____ August 2, 1974 _____ and filed herewith: So help me God.

(Sign Here) *Kurt P. Schulke*

Date of Birth *November 24, 1941*
Date of Entry Upon Duty *January 3, 1972*

Subscribed and sworn to before me this _9_ day of *September*, A.D. 19 *74*, at *Oklahoma City, Okla.*
(City and State)

*(Signature of Officer)*

(Seal) **FILED**

SEP 9 1974

REX B. HAWKS
CLERK, U. S. DISTRICT COURT
BY _____
DEPUTY.

(Title)
Deputy Clerk, U. S. District Court
Western District of Oklahoma

Note 1—If certificate is executed by a Notary Public, date of expiration of commission should be shown.

Note 2—An executed copy of this form should be returned to the appropriate division.

DOJ-05-1973

DJ-1o
5-15-73